## Commonwealth ex rel. Chambers, Appellant, *v.* Claudy.

Argued April 15, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Thomas A. Waggoner,* with him *Phillips, Waggoner, Phillips and Board,* for appellant.

*Thomas J. Kalaman,* Assistant District Attorney, with him *Fred L. Brothers,* District Attorney, for appellee.

PER CURIAM, July 17, 1952:

A Judge of the Court of Common Pleas of Fayette County dismissed the petition of William Chambers for

writ of habeas corpus.[1] No rule to show cause was allowed, and there was no answer to the petition.

On October 25, 1948, relator was sentenced, after pleas of guilty, by the Court of Oyer and Terminer of Fayette County on each of twelve bills of indictment, eleven charging burglary and one charging him with violation of the Uniform Firearms Act. On each bill the sentence was for a term of not less than one year nor more than five years to be served in the Western State Penitentiary. The sentences are consecutive.

Relator's petition for writ of habeas corpus presented to the Court of Common Pleas of Fayette County on June 28, 1951, contained numerous irrelevant and immaterial averments which relate largely to alleged errors prior to the entry of his pleas and sentences and afford no basis for the issuance of a writ of habeas corpus.[2] See *Com. ex rel. Grierson v. Ashe*, 353 Pa. 1, 4, 44 A. 2d 239. However, two of his allegations may be prima facie sufficient to show a violation of due process. He alleged (1) that he did not plead guilty or endorse any of the bills of indictment; and (2) that

---

[1] We think the better practice in such a habeas corpus proceeding is for the judge to allow rule to show cause why the writ should not be issued when the petition avers facts which are prima facie sufficient for the issuance of a writ; and that answer be filed if the facts as averred are to be denied. See Act of May 25, 1951, P. L. 415, 12 PS §1901 et seq.

[2] These averments are as follows:

(1) He was arrested without a warrant.

(2) An assistant county detective shot at him without provocation.

(3) The arresting officer by-passed several aldermen to file charges.

(4) He was sentenced at the wrong term of court.

(5) He is not guilty of three crimes for which he was sentenced.

(6) One indictment charged an offense which was a crime under the Federal statutes.

he was denied the aid of counsel and was not afforded an opportunity to prepare his defense. But these allegations are fully refuted by the trial or court record, which may relevantly be considered in the habeas corpus proceeding. *Palmer v. Ashe,* 342 U. S. 134, 72 S. Ct. 191, 96 L. Ed. 130. Relator's signature to a plea of guilty appears on the back of each indictment. The extensive notes taken at the time of sentence on October 25, 1948, also disclose that relator had pleaded guilty; and the record shows that he had his own counsel, E. J. McDaniel, Esq., of the Fayette County Bar, who conscientiously and competently represented him.

The only object of a hearing on the petition would have been to attempt to impeach the records of the Court of Oyer and Terminer of Fayette County. This cannot be done in such a collateral proceeding. *Com. ex rel. Kaylor v. Ashe,* 167 Pa. Superior Ct. 263, 74 A. 2d 769; *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 71 A. 2d 799. Under the circumstances, a hearing was not an indispensable requisite, and it would have served no purpose to have awarded a rule to show cause. See *Com. ex rel. De Poe v. Ashe,* 167 Pa. Superior Ct. 23, 74 A. 2d 767; *Com. ex rel. Rogers v. Claudy,* 170 Pa. Superior Ct. 639, 90 A. 2d 382.

Order is affirmed.