## Commonwealth ex rel. Butler, Appellant, *v.* Claudy.

Argued April 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*William F. Caruthers,* for appellant.

*John K. Best,* Assistant District Attorney, with him *L. Alexander Sculco,* District Attorney, for appellee.

OPINION BY RHODES, P. J., October 1, 1952:

Relator, having been convicted of burglary, larceny and receiving stolen goods, was sentenced by the Court of Oyer and Terminer of Westmoreland County to serve a term of not less than eight years nor more than twenty years in the Western State Penitentiary.

On March 16, 1948, relator was arrested, and on March 20, 1948, he was given a preliminary hearing before an alderman. He and an accomplice, Cambridge McMorris, were charged with burglary, larceny, and receiving stolen goods. They were indicted, tried together, and convicted as indicted by a jury on May 27, 1948. Each was represented by his own counsel. Sentence was imposed on June 14, 1948.

Relator filed his present petition for writ of habeas corpus in the Court of Common Pleas of Westmoreland County on July 28, 1951. Rule to show cause was issued and answers were filed by the Warden of the Western State Penitentiary and the District Attorney of Westmoreland County· The petition contains numerous and repetitious averments. Among them is an allegation that relator was denied the right to be personally present during all stages of his trial. This was denied in the answer of the District Attorney, wherein it was said: "The petitioner and his counsel were present in open court when the jury was selected; during the trial; when the verdict of guilty was returned; and at time of sentence." If we could find merit in any of the other charges made in his petition, it would be sufficient to say that they are not reviewable in a habeas corpus proceeding after trial and conviction.

In dismissing relator's petition and refusing a writ of habeas corpus, the President Judge of the Court of Common Pleas of Westmoreland County said: "The relator herein and Cambridge L. McMorris were tried together for burglary and when called for arraignment and trial relator was present and represented by able and experienced counsel, who made no request for a severance. A plea of not guilty being entered, a jury was called, purged, selected and sworn in the presence of the relator with his counsel and accomplice, Cambridge McMorris. The relator received a fair and impartial trial and the jury, which heard his case, returned a verdict of guilty in his presence. No request was made to poll the jury and no petition was filed for a new trial." It was also stated by President Judge LAIRD that the matter was res judicata as relator had presented a similar petition to the Court of Common Pleas of Allegheny County at No. 2093, July Term,

1950A, which was dismissed on June 12, 1950, by the late President Judge FRANK P. PATTERSON.[1]

The proceedings in the Court of Common Pleas of Allegheny County are not a part of the record in the Court of Common Pleas of Westmoreland County, except that reference is made thereto in relator's present petition. It is recognized that the trial record may relevantly be considered in habeas corpus proceedings. *Com· ex rel. Chambers v. Claudy*, 171 Pa. Superior Ct. 115, 90 A. 2d 383. But that rule is not applicable to the records of another court of common pleas which have not been made a part of the present record. As to prior habeas corpus proceedings, see *Com. ex rel. Allen v. Claudy*, 170 Pa. Superior Ct. 499, 87 A. 2d 74; *Com. ex rel. Banks v. Claudy*, 370 Pa. 190, 88 A. 2d 53·

In *Com. ex rel. Milewski v. Ashe*, 363 Pa. 596, 601, 70 A. 2d 625, 627, our Supreme Court said: "It is fundamental in Anglo-Saxon jurisprudence that the defendant charged with a felony shall be permitted to be present at every stage of the trial. Certainly the rendition of the verdict is one of the most important stages of the trial."

In view of the unequivocal statement of President Judge LAIRD, who presided at the trial of relator and Cambridge McMorris, as well as at the hearing on the petition of McMorris[2] for a similar writ, we reluctantly

---

[1] Relator presented his petition for writ of habeas corpus on May 25, 1950, to the Court of Common Pleas of Allegheny County at No. 2093, July Term, 1950A. The petition contained substantially the same averments as the petition in the present proceeding. An answer was filed by the District Attorney of Westmoreland County. No hearing was held, and the petition was dismissed and the writ denied.

[2] Cambridge McMorris filed his petition for writ of habeas corpus in the Supreme Court of Pennsylvania at No. 1631, Misc.

reverse the court's order dismissing relator's petition. It does not affirmatively appear from the trial record that relator was present at the rendition of the verdict; he was not at liberty on bail. But as the trial involved a non-capital felony, the proceeding is presumed regular and lawful until the contrary appears. *Holmes v. The Commonwealth*, 25 Pa. 221, 224. The petition and answer create a factual issue which we deem necessary to have resolved upon a hearing and by findings of fact based upon the evidence or the trial record.[3] If there is an appeal from the order made, the record would then permit a proper review.

The order of the court below is reversed, and the record is remitted to the court below for hearing and determination.

Docket, Western District, on January 5, 1950. It contained the averment that the petitioner was not present when the jury was selected or when its verdict of guilty was returned. The Supreme Court, by its order of February 8, 1950, remitted the petition and answer to the Court of Quarter Sessions of Westmoreland County for hearing on the averments of the petition. After hearing, the court made its findings of fact on the evidence presented. On March 10, 1950, the Supreme Court dismissed the petition.

[3] See *Com. ex rel. Reese v. Claudy*, 170 Pa. Superior Ct. 488, 497, 498, 87 A. 2d 492.