Commonwealth ex rel. Dote, Appellant, *v.* Burke.

Submitted March 2, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Alphonse Dote,* appellant, in propria persona, submitted a brief.

*Carlon M. O'Malley,* District Attorney, and *William J. Kearney,* First Assistant District Attorney, for appellee, submitted a brief.

OPINION BY RHODES, P. J., April 15, 1953:

Relator is confined in the Eastern State Penitentiary at Graterford in Montgomery County, Pennsylvania, pursuant to sentence imposed by the Court of Oyer and Terminer of Lackawanna County at No. 1, October Term, 1949. The sentence, which was for an indeterminate period of not less than three years nor more than six years, effective June 11, 1949, was imposed on March 17, 1950, upon an indictment charging burglary to which relator had pleaded guilty on June 15, 1949, before Judge ROBINSON.

The present habeas corpus proceeding is one of a series of similar actions whereby relator has sought to obtain his release. The first petition for a writ of habeas corpus was filed in the Court of Common Pleas of Montgomery County on September 14, 1950. At the hearing upon that petition relator advised the court that he wished to withdraw his petition. The application was granted. On January 25, 1951, he filed another petition for a writ of habeas corpus in the same court. This was dismissed. On March 1, 1951, he petitioned the Court of Common Pleas of Montgomery County for leave to withdraw his withdrawal of the first petition. A rule was thereupon issued and answer filed by the District Attorney of Lackawanna

County. An alias writ of habeas corpus was thereupon awarded and a hearing had at which testimony was taken. By opinion and order filed by President Judge KNIGHT, on June 22, 1951, the writ was discharged.

Thereafter relator filed a petition for a writ of habeas corpus in the Court of Common Pleas of Lackawanna County at No. 202, November Term, 1951. The alleged ground for relief set forth in this petition was that relator was unlawfully taken from the Eastern State Penitentiary on May 27, 1950, and removed to Rochester, New York, where he was confined in the county jail until June 7, 1950, and then returned to the Eastern State Penitentiary. The District Attorney of Lackawanna County filed an answer to such petition, and it appears therefrom that relator was taken to Rochester by virtue of a writ of habeas corpus ad testificandum issued by the United States District Court for the Western District of New York for the purpose of testifying before a grand jury. No hearing was had upon such petition and answer, and by opinion and order filed October 26, 1951, the petition was dismissed.

Relator did not appeal from any of the above orders. Subsequently, he filed another petition for a writ of habeas corpus in the Court of Common Pleas of Lackawanna County. This is the matter with which we are presently concerned. In such petition he averred, in support of his contention that he is being illegally detained, (1) that at the time he pleaded guilty on June 15, 1949, to the burglary charge the District Attorney of Lackawanna County refused to permit relator's attorney to represent him in court before Judge ROBINSON; (2) that he was held incommunicado for eleven days and nights before being allowed to see his attorney or any member of his family; and (3) that

the court lost its power to sentence him after the passing of four terms of court.

The District Attorney filed an answer denying such allegations and averring that they were previously considered and disposition made thereof in the Montgomery County proceedings. Attached to such answer as an exhibit was a copy of the opinion of the Montgomery County Court. Relator then filed a paper which he designated as a "traverse."

Without entering into a hearing, the Court of Common Pleas of Lackawanna County on September 24, 1952, made an order denying the petition for the stated reason that it appeared "from said petition and answer that all of the allegations set forth in the petition for writ of habeas corpus have been previously adjudicated by this court by opinion filed October 26, 1951, and by the Court of Montgomery County by opinion filed September 14, 1950."

A court may and should dismiss a petition for a writ of habeas corpus which is repetitious of a previous petition of the same relator, and which consists of averments which have been adjudicated. *Com. ex rel. Allen v. Claudy,* 170 Pa. Superior Ct. 499, 87 A. 2d 74; *Com. ex rel. Campbell v. Claudy,* 171 Pa. Superior Ct. 282, 89 A. 2d 895; *Com. ex rel. Baerchus v. Burke,* 172 Pa. Superior Ct. 400, 94 A. 2d 87.

The difficulty with the case before us, however, is that the record does not properly disclose whether the averments contained in relator's present petition were advanced in the earlier proceedings and adjudicated. Certainly they were not advanced in the earlier Lackawanna County proceeding. We have that petition before us, and the only question raised therein was the effect of the removal of relator from the Eastern State Penitentiary to New York State. We think, from a reading of President Judge Knight's opinion of June

22, 1951, that the present contentions of relator may have been presented and adjudicated in the proceedings in the Court of Common Pleas of Montgomery County. But, if true, the failure to establish the fact by the introduction into the record of the present proceeding the record of the Court of Common Pleas of Montgomery County precludes the court below from summarily denying a writ of habeas corpus on the ground of res judicata.

In *Com. ex rel. Butler v. Claudy,* 171 Pa. Superior Ct. 573, 91 A. 2d 318, a petition for a writ of habeas corpus, containing an averment which had been made a factual issue by answer filed, was dismissed by the Court of Common Pleas of Westmoreland County as that court concluded, inter alia, that the matter was res judicata. The relator had presented previously a similar petition in the Court of Common Pleas of Allegheny County, which had been dismissed. In reversing such order, we stated, page 576 of 171 Pa. Superior Ct., page 319 of 91 A. 2d: "The proceedings in the Court of Common Pleas of Allegheny County are not a part of the record in the Court of Common Pleas of Westmoreland County, except that reference is made thereto in relator's present petition. It is recognized that the trial record may relevantly be considered in habeas corpus proceedings. Com. ex rel. Chambers v. Claudy, 171 Pa. Superior Ct. 115, 90 A. 2d 383. But that rule is not applicable to the records of another court of common pleas which have not been made a part of the present record."

The right to be heard by counsel is guaranteed by the Fourteenth Amendment of the Constitution of the United States and by Article I, §9, of the Constitution of the Commonwealth of Pennsylvania. Such right may not be denied. *Stewart v. Commonwealth,* 117 Pa. 378, 11 A. 370; *Com. v. Strada,* 171 Pa. Superior Ct.

358, 362, 90 A. 2d 335. See, also, *Com. ex rel. McGlinn v. Smith*, 344 Pa. 41, 24 A. 2d 1; *Com. v. Thompson*, 367 Pa. 102, 79 A. 2d 401.

Relator's averment that he was denied the right of counsel was contraverted by the answer of the District Attorney. This and any other relevant factual issues raised by the petition and answer must be resolved upon a hearing and by findings of fact based upon the evidence or the trial record. See *Com. ex rel. Chambers v. Claudy*, 171 Pa. Superior Ct. 115, 90 A. 2d 383; *Com. ex rel. Uhler v. Burke*, 172 Pa. Superior Ct. 108, 115, 91 A. 2d 913.

The order of the court below is reversed, and the record is remitted to the court below for hearing and determination.