## Commonwealth ex rel. Wagner, Appellant, v. Tees.

476

Submitted October 6, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE. JJ.

*Bernard Wagner,* appellant, in propria persona.

*Raymond R. Start,* District Attorney, *Joseph E. Pappano,* First Assistant District Attorney and *J. Harold Hughes,* Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., December 29, 1953:

Relator presented a petition for writ of habeas corpus to the Court of Common Pleas of Delaware County on July 16, 1953. No answer was filed and no hearing was held. On July 17, 1953, the court dismissed the petition. From that order relator has appealed to this Court.

Relator had been tried and convicted on September 30, 1952, in the Court of Quarter Sessions of Delaware County on two bills of indictment, Nos. 236, 237, September Sessions, 1952. Each bill contained two counts, one charging simple assault and battery, and the other aggravated assault and battery. He was sentenced on each bill to the Eastern State Penitentiary. The sentences, which were consecutive were for terms of not less than one and one-half years nor more than three years.

In his petition for a writ of habeas corpus relator averred: (1) That he was forced by the district attorney and the court to go on trial without benefit of counsel; (2) that the record of the trial disclosed the existence of a conspiracy against him on the part of the prosecutrix and a police officer; (3) that he was denied an opportunity to secure witnesses for his defense; (4) that the sentence on bill No. 236 exceeded the statutory maximum.

The court below was entirely justified in disposing of the last three contentions in the petition without a hearing as they were completely refuted by the trial record. Such record discloses no evidence whatsoever of any conspiracy against relator; and after reading the record we view relator's allegation as to an alleged conspiracy as meaningless. As the court below points out in its opinion, relator's complaint of the trial court's refusal to continue the trial that relator might secure witnesses is also without merit; no such request

was made by relator until after the jury was impaneled and the trial virtually concluded. Moreover, relator's request did not state what witnesses he desired or what would be the nature of their testimony. The second count in both bills of indictment upon which relator was tried charged relator with having committed aggravated assault and battery, and the jury returned a general verdict of guilty on both bills after a comprehensive charge by the trial judge. The sentences were therefore entirely proper. Act of June 24, 1939, P. L. 872, §709, 18 PS §4709. Although the trial records are not introduced in a habeas corpus proceeding, they may relevantly be considered in such proceeding. *Com. ex rel. Chambers v. Claudy,* 171 Pa. Superior Ct. 115, 90 A. 2d 383; *Com. ex rel. Dote v. Burke,* 173 Pa. Superior Ct. 192, 96 A. 2d 151; *Com. ex rel. Wolcott v. Burke,* 173 Pa. Superior Ct. 473, 98 A. 2d 206.

Relator's averment that he was forced by the district attorney and the court to go to trial without counsel differs from the other allegations of the petition, which are insufficient for the issuance of a writ. We think this uncontroverted averment raises a factual question which must be resolved upon a hearing and by findings of fact. The trial record merely discloses that relator acted as his own counsel and contains nothing that would establish or disprove the alleged fact. But, despite the improbability of the verity of such allegation, relator should be given the opportunity to present evidence, if any he has, in substantiation thereof. *Com. ex rel. Dote v. Burke,* supra, 173 Pa. Superior Ct. 192, 96 A. 2d 151; *Com. ex rel. Butler v. Claudy,* 171 Pa. Superior Ct. 573, 91 A. 2d 318. It cannot be said that relator's petition for a writ of habeas corpus, if substantiated in this respect, is insufficient to entitle him to the relief afforded by habeas

corpus. *Com. ex rel. Elliott v. Baldi*, 373 Pa. 489, 96 A. 2d 122; *Com. ex rel. Bishop v. Claudy*, 373 Pa. 523, 97 A. 2d 54.

In *Com. ex rel. Dote v. Burke*, supra, 173 Pa. Superior Ct. 192, 96 A. 2d 151, relator, in his petition for writ of habeas corpus, averred that he had been denied the right of counsel. This averment was controverted by the answer of the district attorney. No hearing was had upon the petition and answer and the petition was denied. In remitting the record to the court below for further hearing and determination on the issue raised, we said, page 196 of 173 Pa. Superior Ct., page 153 of 96 A. 2d: "The right to be heard by counsel is guaranteed by the Fourteenth Amendment of the Constitution of the United States and by Article I, §9, of the Constitution of the Commonwealth of Pennsylvania. Such right may not be denied."

The order of the court below is vacated, and the petition for writ of habeas corpus is reinstated for further proceeding consistent with this opinion.

---

DISSENTING OPINION BY WOODSIDE, J., January 19, 1954:

I disagree with my distinguished colleagues that this case should be returned to the lower court for a hearing. I agree that relator cannot be denied the right to be heard by counsel, but in my opinion the mere averment that he was forced by the district attorney and the court to go to trial without counsel is an insufficient averment, without buttressing facts, to require a hearing.

It is significant that relator does not allege in his petition or in any of his briefs what the district attorney or judge did or did not do which "forced" him to

stand trial without counsel. He does not allege that he requested counsel and that the court refused the request. Indeed, he does not allege that he had any conversation with either the district attorney or the judge concerning the matter. In short, he does not allege any facts which if proved would lead to the conclusion that he was forced to stand trial without counsel.

The trial record discloses that he acted as his own counsel. Nowhere does it appear in such record that he made a request for the assignment of counsel.

In *Hawk v. Olson,* 326 U. S. 271 the Supreme Court of the U. S. reversed the Supreme Court of Nebraska, directing that a hearing should be allowed upon petition for a writ of habeas corpus in which relator alleged he was denied the right to consult counsel. But in that case the petitioner set forth facts in great detail to support his contention. These facts when recited by the court covered over a page of the opinion. The court then said: "These facts, if true, we think, set out a violation of the Fourteenth Amendment. They are not conclusions of law. They are not too vague."

In *Commonwealth ex rel. Kaylor v. Ashe,* 167 Pa. Superior Ct. 263, 74 A. 2d 769 (1950) relator alleged that he was not present when the jury was selected. However, the minute book of the trial court contained an entry that defendant was present. This court held that not only was there the presumption of regularity that a judgment carries with it when collaterally attacked but also that the record *affirmatively* refuted the allegation.

In *Commonwealth ex rel. Spencer v. Ashe,* 364 Pa. 442, 444, 71 A. 2d 799 (1950) the court said: "There is nothing in the case to justify a departure from the stated record. Until the contrary affirmatively and competently appears, the relator is bound by the record (citing case)". See also *Commonwealth ex rel.*

*Rushkowski v. Burke,* 171 Pa. Superior Ct. 1, 89 A. 2d 899 (1952).

It is obvious that a trial record will never show affirmatively that a person *did not* speak. However, where, as here, there is no allegation that something transpired dehors the record, the trial record may be accepted as evidence not only of what did transpire but also of what did not. Relator has not alleged anything to the contrary and under the rule in the *Kaylor* case, supra, he is bound by the record.

There is additional evidence present which justifies the conclusion that he did not request counsel. In its opinion the court below states "The defendant was not forced to trial without counsel. The fact of the matter is that the petitioner did not request counsel."

In *Commonwealth ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 114, 91 A. 2d 913 (1952) President Judge RHODES said: "Our courts have repeatedly said that failure to provide counsel when none is requested, or to advise a defendant that counsel will be assigned to him upon request does not constitute, ipso facto, a denial of due process or other violation of the defendant's constitutional rights in non-capital cases. Com. ex rel. Reggie v. Burke, 170 Pa. Superior Ct. 647, 649, 90 A. 2d 385."

In his brief filed in the court below relator states: ". . . by the Court *allowing* relator to act as his own counsel, relator was deprived of his Constitutional rights." (Underscoring supplied) Remembering that there was no allegation that he requested counsel, it appears that the gravamen of relator's complaint is ". . . the court should have prohibited me from acting for myself."

This is the second application for a writ of habeas corpus filed by the appellant since his sentence. Hundreds of applications for such writs are being filed by

convicted prisoners of this Commonwealth in both state and federal courts. Almost none of these writs is found to be meritorious. Undoubtedly many are filed for the sole purpose of obtaining a respite from prison monotony by a trip to the court of sentence, frequently many miles from the penitentiary and usually in the prisoner's home county. The courts, the district attorneys, the Attorney General, and prison officials are all being harassed with a continuous flow of frivolous petitions at a cost to the taxpayers of hundreds of thousands of dollars.

As a result of reckless charges made in the most general language, prosecuting officials and even judges, find it necessary to testify concerning their official conduct. This leads to the spectacle of the judge who sentenced the convicted prisoner being cross examined by the prisoner he tried and sentenced.

It is true that the most humble and depraved prisoner is, under our enlightened law, privileged to have his constitutional rights protected from invasion by even the most respected trial judge.

I concede too, that cost to the taxpayer and inconvenience to officials are never an excuse to deny even the poorest criminal the full protection of the law. But, in my opinion before allowing a hearing we should compel the relator in all cases to set forth facts *in sufficient detail* that they can be used as a basis for appraising whether if true, they would set forth a violation of the relator's constitutional rights.

The relator says he was forced to trial without counsel. In a sense every defendant in a criminal case is "forced" to trial by the district attorney and the judge. If in such case the defendant elects to be his own counsel is he committing perjury by saying he was "forced to trial" by the district attorney and court without counsel? By such general language he may mean

something entirely different than my colleagues assume he means.

I think the appellant should be required to aver that he talked to the district attorney or court concerning counsel, or similar *facts* which, if true, would warrant the issuance of the writ before we require the trial court to hold a hearing.