## Commonwealth ex rel. v. Day

*Edward Gibbs*, p. p., for petitioner.

DIGGINS, J., May 10, 1955.—Petitioner, Edward Gibbs, a prisoner in the Eastern State Penitentiary under sentence from this court, filed a petition which he calls:

"(Supercede)
"Petition for Writ of Praecipe"
*For Medical Attention*
(A Writ requiring something to be done, or the reason why it was not performed.)"

To this is attached a long prayer which for the edification of anyone interested, we quote herewith in toto:

"Wherefore now, and because of the cogent facts and reasons stated, Plaintiff-Petitioner doth fervently pray that this Honorable Court will forthwith cause to be issued out from under its Seal a Writ of Habeas Corpus Testificandum . . . directed to the Defendant, to wit, Charles G. Day, Warden, State Penitentiary, Graterford, Montgomery County, Pennsylvania.

Whereby the said Defendant be "Ordered and Commanded" to forthwith produce the body and person of Plaintiff before this Court, together with all MEDICAL RECORDS pertaining to the treatment of the Plaintiff during his confinement in said Institution under the registry No. E-4190.

"That, this Honorable Court will cause to be issued out from under its Seal a subpoena . . . directed to the prison physician, to wit, Francis J. McGeary. Whereby the said Francis J. McGeary be 'Ordered and Commanded' to appear before this Court and answer in form of 'Ore Tenus' the averments and allegations set forth and contained herein; that, this Honorable Court will cause to be issued out from under its Seal a subpoena . . . directed to any physician in the neighborhood, of this Court—in the same general line of practice. Whereby the said physician be 'Ordered and Commanded' to appear before this Court as a witness on behalf of the Plaintiff.

"That, the Writ of Praecipe be issued; that the Plaintiff be brought before this Honorable Court. And then and there accorded his legal and lawful right to offer oral testimony and documentary evidence in support of the averments and allegations set forth and contained herein; that, the Plaintiff be accorded a just and equitable hearing on the merits of his claims; and that the Plaintiff be accorded any and all relief as this Honorable Court may deem to be just, legal and lawful in the premises; agreeably to the Act of Assembly in such case made and provided. For such salutary Judicial action Plaintiff shall ever pray, etc." and the petition itself makes no more sense than the prayer through its five incoherent typewritten pages.

However, brushing aside these technicalities and considering it as though it were a petition for a writ of mandamus or habeas corpus or any other known process, we will discuss and dispose of the matter on

its merits. The record in the case is sufficient to determine the merits of this proceeding and no hearing is necessary: Commonwealth ex rel Dote v. Burke, 173 Pa. Superior Ct. 192, 196; Commonwealth ex rel. Chambers v. Claudy, 171 Pa. Superior Ct. 115.

Whatever relief this petitioner is seeking is based on his contention that beginning in January of 1954 he had a medical diagnosis showing diabetes and a·chest X-ray which showed some impairment to the right chest by a Doctor Bloomberg and that thereafter he was given diabetic diet treatment and he says that this foregoing was done in Philadelphia and while he does not say so, it would appear that he was later transferred to Graterford because petitioner says that the medical record accompanied him to his "present place of confinement" and was filed in the office of the medical director on March 9, 1954, and he says that the diabetic diet was denied him at Graterford resulting in what he claims "a permanent and costly disability to the left extremity"—extremity of what he does not say—and then he goes on to say that at Graterford in March of 1954, a diabetic condition was diagnosed but no treatment ordered, following which he had an infection of the great toe, which apparently was treated with penicillin several times.

Then in November of 1954 he started having severe pains in what he calls the "percussion region" and says that on January 15, 1954, an X-ray showed impairment "to the percussion extreme right base". He avers that he reported this condition to a Doctor McGeary whom he does not further identify but to no avail, alleging that no further examination or treatment was ordered, and further avers that this same Doctor McGeary has failed to exercise reasonable care under the circumstances and he recites what he calls the medical record of February 5, 1955 which he says diagnosed his trouble as "Intero Lithium" which peti-

tioner says means gallstones and recites that the treatment ordered was the administration of "oromycn" capsules and petitioner goes on to aver that this diagnosis "was admittedly a medical blunder" and petitioner gravely doubts if another physician in the same neighborhood, in the same general line of practice, would have made such an error in a like case.

Petitioner further complains that four days later he was ordered discharged with a diagnosis of "myositis (left) hypochondrium region" with no treatment ordered and he contends that this discharge diagnosis was entered on the record following his discharge from the prison hospital but recites that he was given codeine and sodium amytal from time to time for some four days, again charging that Doctor McGeary failed to bestow any reasonable and ordinary care under the circumstances.

Petitioner avers that on March 18, 1955, he reported this "single case of medical malpractice" to an administrative officer who intervened and on March 21, 1955, Doctor McGeary reexamined petitioner and ordered a gall bladder survey which petitioner says was performed on March 23, 1955, but as to the results of this survey petitioner merely adds these words: "Why? Let the record speak. It has been repeatedly said that the records are the facts in any case."

Having stated these alleged facts petitioner then goes on to aver that his sentence is not being carried out "in conformity with the statutory provisions of the Constitution of Pennsylvania" because he alleges the prison physician is bound to bestow upon the prisoner such reasonable and ordinary care, skill and diligence as physicians in the same neighborhood in the same general line of practice ordinarily have and exercise in like cases, and that the prison physician failed to exercise that reasonable degree of learning, skill and experience which ordinarily is possessed by

others in his profession, and that the medical record reveals that the prison physician has failed to exercise reasonable care under the known circumstances, the deprivation of which petitioner alleges serves to make his imprisonment an impairment of and more burdensome than the law allows and in such fashion as to constitute cruel and unusual punishment in violation of his constitutional rights, state and federal. Lest there be some mistake, let it be said that while the foregoing is paraphrased, the words are those of petitioner. Then follows the fantastic prayer already quoted.

We are of the opinion that the petition must be dismissed without writ of any kind for lack of jurisdiction. Obviously prisoner petitioner is complaining about his care while in custody in the Eastern State Penitentiary at Graterford. Admittedly the State is responsible for the proper care of prisoners in its custody and if this were a county prison, such a petition might properly be addressed to this court, but being a State institution, it may not be.

The Administrative Code of April 9, 1929, P. L. 177, sections. 2303($a$) and 2304($b$), conferred upon the Department of Welfare of the Commonwealth of Pennsylvania responsibility for the care and treatment of inmates in the State prisons but this code was amended by the Act of July 29, 1953, P. L. 1428, sec. 911, which provides that the Department of Justice shall have the power and duty to supervise and control the State penitentiaries, etc. (section 912) through a bureau of correction in charge of Commissioner of Correction appointed by the Attorney General with the approval of the Governor, which Commissioner of Correction appoints among others the professional personnel required for the proper administration of the penal and correctional institutions within the jurisdiction of the Department of Justice.

Therefore, it would seem that the subject matter complained of by petitioner was formerly in the hands of the Department of Welfare, now in the hands of the Bureau of Correction under the Department of Justice, and that being the case, this court would be without jurisdiction because the Venue Act of May 26, 1931, P. L. 191, sec. 2, 12 PS §105, provides: "All actions at law or in equity by which it shall be sought to compel a state officer to perform or to restrain him from performing any official act in the execution of the laws of the commonwealth shall be instituted in the Court of Common Pleas of Dauphin County, and, for such purpose, jurisdiction of all such actions is hereby conferred upon that court."

This act was affected by Rule 1092 (c) of the Rules of Civil Procedure relating to mandamus which provides:

"An action brought in the name of a party to enforce a right or to compel performance of a public act or duty in which the party has a beneficial interest distinct from that of the general public may be brought in and only in (1) Dauphin County when the action is against an officer, department, board, commission or instrumentality of the commonwealth," and the Venue Act, supra, sec. 104, defines the term "state officer" to mean the head of any administrative department or chief executive officer of any administrative board or commission in the Commonwealth which we think would include Charles G. Day, warden of the State Penitentiary, defendant in the petition.

Very recently, in fact, on April 18, 1955, the Supreme Court of Pennsylvania in the case of Powell v. Shepard, Commissioner, etc., 381 Pa. 405, interpreted the Venue Act and the rules in the following language:

"Prior to the adoption of our Rules of Civil Procedure, jurisdiction of actions against State officers

was exclusively in the court of common pleas of Dauphin County by virtue of the Act of May 26, 1931, P. L. 191, 12 PS §105. That Act was suspended by Pa. R. C. P. 1457 upon the promulgation of the supervening Rule 1092, relating to mandamus, which provides in presently material part,—'(c) An action brought in the name of a party to enforce a right or to compel performance of a public act or duty in which the party has a beneficial interest distinct from that of the general public may be brought in and only in (1) Dauphin County when the action is against an officer, department, board, commission or instrumentality of the Commonwealth. . . .' "

It would therefore seem apparent that this court is without jurisdiction to determine the subject matter of the petition and we therefore make the following

### Order

And now, to wit, May 10, 1955, the petition of Edward Gibbs for "writ of praecipe for medical attention", or whatever it be, nomenclature to the contrary notwithstanding, be and the same is hereby dismissed for lack of jurisdiction.