UNITED STATES of America ex rel. John DE SIMONE, Petitioner,

v.

COMMONWEALTH OF PENNSYLVANIA, Frank C. Johnston, Warden, et al. Western State Penitentiary.

Civ. No. 14406.

United States District Court W. D. Pennsylvania.

June 4, 1956.

Morton D. DeBroff, Pittsburgh, Pa., for relator DeSimone.

Robert L. Webster, Asst. Dist. Atty., Uniontown, Pa., for respondent.

MARSH, District Judge.

A rule to show cause was issued upon receipt of relator's petition for a writ of habeas corpus. An answer, together with transcript of certain records, was filed by the District Attorney of Fayette County. Examination of the answer and these records indicated that relator had not been given a hearing on his applications for habeas corpus in the State courts, and since several disputed issues

of fact appeared from the pleadings, a writ of habeas corpus was issued and a date for hearing was fixed.[1]

The relator testified at the hearing and certain records were introduced into evidence. From the testimony and records, and after argument and examination of the briefs submitted by the appointed counsel for relator, the court makes the following

## Findings of Fact

1. John DeSimone, the relator was arrested on July 27, 1940 with two companions, and charged with assault and battery, assault and battery with intent to rob, armed robbery, robbery with accomplice, possession of burglary tools and burglary.

2. After the arrest, relator was kept in various jails and in the State Police Barracks until July 31st when he was given a preliminary hearing before a justice of the peace at which he pleaded guilty only to armed robbery.

3. After the hearing, he was confined in the county jail at Uniontown, where he remained until he was called up for trial.

4. A true bill was found on August 27, 1940 at No. 6/106 September Sessions, 1940, in the Court of Oyer & Terminer and General Jail Delivery of Fayette County.

5. From the time of his arrest until trial, the relator did not seek the aid of counsel, relatives or friends.

6. On September 4, 1940 relator's co-defendants, Ernest Ford and Albert Bodnic, pleaded guilty.

7. On September 4, 1940 relator pleaded not guilty. His court-appointed attorney signed the plea of not guilty on the indictment in his behalf.

8. A minute of the Court of Oyer & Terminer of Fayette County, at page 185 (Respondents' Exhibit 6), contains the following entry with reference to relator's trial at No. 6/106 September Sessions, 1940:

"Now—September 4—1940 this case being called for trial the defendant pleads not guilty, Dist. Atty. Similiter issue etc., a jury being called came as follows:—(names of jurors listed).

"Twelve good & lawful citizens who having been regularly summoned & duly returned to serve on Petit Jury, who having been duly sworn find the defendant—Guilty as Indicted."

9. The record in the Clerk's office of Fayette County, at page 404 (Relator's Exhibit 1), shows that the jury was called and sworn on the same day that the relator pleaded not guilty.[2]

10. Although he did not request counsel, a member of the bar of Fayette County was procured for him and represented him throughout the trial.

11. From the records and the testimony, we conclude that the jury was called and sworn the same day relator pleaded not guilty; that relator was present in the courtroom with his lawyer; that he had the opportunity to exercise his right to challenge jurors peremptorily and for cause.

12. On September 5, 1940, the jury found the relator guilty as indicted.

13. The same day, he was sentenced on the 3rd, 4th and 6th counts to pay a fine of 6¼ cents, the costs of prosecution and undergo an imprisonment for an indefinite term, the minimum of which shall be 7½ years and the maximum 20 years, to be computed from July 27, 1940, the date of incarceration.

1. In a similar case, Commonwealth ex rel. Butler v. Claudy, 171 Pa.Super. 573, 91 A.2d 318, the lower court was reversed because a hearing was not held on a disputed issue of fact.

2. The date on relator's exhibit 1 is recorded as Sept. 5, 1940, but the court minute (respondents' exhibit 6) shows, and the relator agrees, that he entered his plea of not guilty on September 4, 1940. See Testimony, pp. 10, 38, 39, and indictment (respondents' exhibit 5).

14. No stenographic transcript was prepared of the trial, or any part thereof.

15. Relator was born of parents who could only speak Italian. He had a grade school education and quit school at 16 years of age. He speaks and writes English capably.

16. Relator had two prior experiences in the criminal court in Erie County. On one occasion he pleaded guilty to "joy riding" in someone else's car, for which he received a sentence of 3½ years in the penitentiary; on another he pleaded guilty to assault and battery, for which he received a sentence of 1 year in the workhouse. He was fully aware of the serious charges lodged against him in Fayette County in 1940.

17. While on parole from the Fayette County offense, relator was indicted in Erie County on charges of burglary, larceny and receiving stolen goods and was sentenced to the Allegheny County Workhouse.

18. Presently, relator is in the Western Penitentiary serving the balance of his Fayette County sentence as a parole violator.

19. A fair summary of the alleged violations of relator's rights are contained in his brief; they are as follows:

"1) He was held incommunicado for three and one-half days.

"2) He was not notified of the time and/or place of his pending trial.

"3) The jury was already impaneled at the time relator was brought into the trial courtroom.

"4) A defense attorney was not appointed by the court until after the trial had begun; said attorney was inept and inexperienced in criminal matters.

"5) Relator's request, during trial, that notes of testimony be taken, was either refused or ignored by the trial judge.

"6) The trial courtroom was closed to the public.

"7) There were armed policemen in the courtroom.

"8) Relator's co-defendants and alleged co-conspirators were not permitted to testify in relator's behalf.

"9) Relator's six (6) witnesses were not permitted to testify in his behalf.

"10) Relator was convicted solely upon police testimony, no private prosecutor being present at trial.

"11) The charge of the trial judge was biased and prejudicial to the relator.

"12) Relator was confined in jail at the time the jury returned its guilty verdict.

"13) Relator was not represented by counsel at the time of sentencing.

"14) If none of the above averments is alone sufficient to base the issuance of the writ of Habeas Corpus, when considered as a whole the context of the trial was so unfair that the relator has not been accorded due process of law."

20. Of the foregoing, relator's counsel withdrew from consideration Nos. 1 and 7. None of the other allegations were established by sufficient credible evidence to justify granting the writ.

### Discussion

The court records offered in evidence seriously impair relator's credibility. He testified that he had pleaded not guilty at the preliminary hearing, but the transcript of the justice of the peace shows that he pleaded guilty to armed robbery. He testified that he was not in court with his lawyer when the jury was empanelled, but the minute of the court shows that when he pleaded not guilty, a jury was called and sworn. Likewise, the indictment shows his lawyer was present in court and entered the plea of not guilty for him. His petition addressed to the Court of Oyer & Terminer of Fayette County, filed April 15, 1948, which he admittedly signed, although ambiguous, casts further doubt on his veracity. For instance, in paragraph 1 on page 5 he

avers that the jury had been sworn before his entry into the courtroom, but in the very next paragraph he asserts:

"2. That Court [appointed] attorney would not peruse [use] any of relator's (21) challenges or others for cause on or of jury. [sic]"

Again, on page 9, after reasserting that the jury had been empanelled before relator's entry into the courtroom and that his attorney did not protest "the already sworn jury", he asserts:

"FF. Attorney would not peruse [use] relator's (21) entitled jury challenges, * * * ."

We think the court records justify the finding that relator had an opportunity to exercise his right of challenge.

He further complains that he was confined in jail at the time the jury returned the guilty verdict and was sentenced in absence of his attorney; nevertheless with apparent first-hand knowledge and assured recollection he states in his petition aforesaid, at page 10:

"GG. Attorney would not poll the jury individually after rendered verdict, * * *

* * * . * *

"That said relator's trial jury, upon re-entry into said courtroom with Guilty Verdict, they [the] said jury were inquired thereof by said Fayette County Trial Judge Morrow: 'Have you found him (relator) guilty on the directed 3, 4, 6 counts?' Being answered in the affirmative by jury, Trial Judge Morrow remarked: 'So be it.' "

Nowhere in the fully detailed petition of 1948 does relator aver that he was not present in court when the jury rendered its verdict, or that his counsel was not present when he was sentenced.

At the hearing, relator testified unequivocally that he was brought back to the courtroom only one time after the verdict and was sentenced in the absence of his counsel. In his brief to the Superior Court, which he signed in propria persona, he evidences his counsel's presence in the courtroom after the verdict by quoting him.

In the light of these inconsistencies, we attach no credence to relator's present testimony that he was in jail when the verdict of guilty was pronounced and that he was sentenced in absence of his counsel.

At the hearing, relator testified that his counsel refused to ask the trial judge to have the testimony recorded stenographically; that he himself then asked the judge for a stenographer; that the prosecutor objected; that the court did not rule on his request but that the testimony was not recorded. In the 1948 petition the only reference to this issue is found on page 10 where it is averred that his "attorney * * * would not demand a trial transcription of minutes of case be authorized, etc." No mention is made of his personal request and the refusal of the court to comply. But in relator's petition for habeas corpus to the Court of Common Pleas of Fayette County, he avers that *his counsel demanded* a " 'Court Trial Transcript of Minutes' be taken, transcribed and kept as a matter of official record".

Again, in the light of these inconsistencies, we can attach no credence to his testimony that he personally requested that a stenographic record of the trial be made.

When all the foregoing contradictions are considered in conjunction with the court records, the presumption of regularity which attaches to a trial of a noncapital felony, and the long delay in presenting the alleged violations, the court is constrained to conclude that relator has failed to meet his burden of establishing any of the averments of his petition by a fair preponderance of the evidence.

### Conclusion of Law

1. The relator has exhausted his State court remedies.[3]

3. Commonwealth ex rel. De Simone v. Maroney, No. 1253 Habeas Corpus, Court of Common Pleas, Fayette County, Pa., writ refused on petition and answer; or-

2. This court has jurisdiction of the subject matter and of relator's person.

3. The evidence fails to establish that relator was convicted at No. 6/106 September Sessions, 1940, in the Court of Oyer & Terminer and General Jail Delivery without due process of law in violation of his constitutional rights.

4. The application for writ of habeas corpus will be denied.

der of court below affirmed, 1955, 179 Pa.Super. 300, 116 A.2d 747; petition for allowance of appeal denied, No. 2947A Misc. Docket, Supreme Ct. of Pa., December 19, 1955; certiorari denied, 1956, 350 U.S. 976, 76 S.Ct. 452.