193 Pa. Superior Ct. 531 (1960)
Commonwealth ex rel. Lockhart, Appellant,
v.
Myers.
Superior Court of Pennsylvania.
Submitted September 16, 1960.
November 16, 1960.
*533 Before RHODES, P.J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.
*534 Sylvester Lockhart, Jr., appellant, in propria persona.
Domenick Vitullo, Assistant District Attorney, Paul M. Chalfin, First Assistant District Attorney, and Victor H. Blanc, District Attorney, for appellee.
OPINION BY WRIGHT, J., November 16, 1960:
Sylvester Lockhart, Jr. has appealed from an order of Court of Common Pleas No. 5 of Philadelphia County, entered April 28, 1960, dismissing his petition for a writ of habeas corpus. We have carefully reviewed the voluminous original trial record, which discloses the following factual situation:
On February 5, 1954, appellant, in company with Nathanial R. Spencer, Emmit Bethea, and Robert W. Batchelor, committed an armed robbery on the premises of the United Provision Company, 221 Noble Street, in the City of Philadelphia. It is a fair inference from the testimony that appellant was the ringleader. It was he who carried the gun, threatened the employes and customers, and personally took the payroll money and the wallets of the individual victims. Appellant was apprehended on February 18, 1954. On February 19, 1954, he was given a preliminary hearing, which was continued until February 24, 1954. At *535 that hearing, he was identified by several witnesses. As a result, appellant was held without bail for court. At March Sessions 1954, the grand jury returned true bills against appellant as follows: Bill No. 138 charging robbery of Samuel Skversky, Bill No. 139 charging robbery of Samuel Cohen, Bill No. 140 charging robbery of the company payroll funds, Bill No. 141 charging robbery of Emanuel Gordon, and Bill No. 142 charging robbery of Lamar Collins. At arraignment, appellant pleaded not guilty to these five bills of indictment. On July 1 and 2, 1954, he was tried before President Judge SLOANE and a jury. Related indictments against Spencer, Bethea and Batchelor, were tried at the same time. Each defendant was represented by his own attorney. At the conclusion of the trial, the jury found appellant guilty on each indictment. There were no motions for new trial or in arrest of judgment. Appellant was sentenced on Bills Nos. 138 and 139 to consecutive terms of 10 to 20 years. Sentence was suspended on the other bills. Appellant is presently confined in the State Correctional Institution at Graterford. It should be noted that, at the time of the United Provision Company robbery, he was on parole from a previous sentence. Upon his commitment on the present sentences, it was first necessary for him to serve the unexpired portion of the prior sentence. Cf. Commonwealth ex rel. Cooper v. Banmiller, 193 Pa. Superior Ct. 524, 165 A. 2d 397.
The instant petition covers some 40 pages, and the brief on this appeal is of equal length. Both are prolix, verbose, and redundant. While strict rules of pleadings do not apply to petitions for habeas corpus, some legal definiteness and certainty are required: Commonwealth ex rel. Kennedy v. Mingle, 388 Pa. 54, 130 A. 2d 161. Appellant's statement of the nine questions allegedly involved covers four typewritten pages. *536 None of his contentions reveal any merit. They are mainly concerned with purported trial errors which should have been tested by a motion for new trial or in arrest of judgment. It is well established that relief from alleged trial errors may not be obtained by habeas corpus. The writ is not a substitute for a motion for new trial or an appeal.[1] Nevertheless, and with the hope that further proceedings may thus be obviated, we will discuss and answer appellant's several complaints.
Appellant's first four contentions may be treated together. He complains that he was not accorded a proper preliminary hearing, that it was not complete, that all five indictments were not supported by informations, and that he was not faced at the hearing by all of his accusers. A variance between the information and the indictment is not a valid ground upon which to base a reversal of judgment after the defendant has gone to trial: Commonwealth v. Bradley, 16 Pa. Superior Ct. 561; Commonwealth v. Zayrook, 30 Pa. Superior Ct. 111; Commonwealth ex rel. Tyson v. Day, 181 Pa. Superior Ct. 259, 124 A. 2d 426. After a *537 plea and trial on the merits, the defendant may not by habeas corpus attack the sufficiency of the indictment: Commonwealth ex rel. Burge v. Ashe, 168 Pa. Superior Ct. 271, 77 A. 2d 725; Commonwealth ex rel. Sell v. Tees, 179 Pa. Superior Ct. 549, 117 A. 2d 813; Commonwealth ex rel. Shultz v. Myers, 182 Pa. Superior Ct. 431, 128 A. 2d 103. Defects and irregularities in the information, warrant and proceedings before the magistrate are cured by pleading to the indictment and going to trial: Commonwealth v. Schoen, 25 Pa. Superior Ct. 211; Commonwealth ex rel. Rushkowski v. Burke, 171 Pa. Superior Ct. 1, 89 A. 2d 899; Commonwealth v. George, 178 Pa. Superior Ct. 261, 116 A. 2d 253. The sufficiency or regularity of proceedings prior to indictment may not be considered on habeas corpus: Commonwealth ex rel. Geisel v. Ashe, 165 Pa. Superior Ct. 41, 68 A. 2d 360; Commonwealth ex rel. Scasserra v. Keenan, 175 Pa. Superior Ct. 636, 106 A. 2d 843; Commonwealth ex rel. Scasserra v. Maroney, 179 Pa. Superior Ct. 150, 115 A. 2d 912; Commonwealth ex rel. Taylor v. Johnston, 181 Pa. Superior Ct. 600, 124 A. 2d 389.
Appellant's fifth and sixth contentions, in sum, are that he was subjected to "double jeopardy". It should be noted that this plea is available in capital cases only: Commonwealth v. Beiderman, 109 Pa. Superior Ct. 70, 165 A. 765; Commonwealth ex rel. Wallace v. Burke, 169 Pa. Superior Ct. 633, 84 A. 2d 254. Moreover, it does not form the basis for a writ of habeas corpus: Commonwealth ex rel. Ross v. Egan, 281 Pa. 251, 126 A. 488; Commonwealth ex rel. Wagner v. Day, 178 Pa. Superior Ct. 506, 115 A. 2d 404. Appellant's complaint is based on his allegation that only one crime was committed. He asserts that the entire transaction at the United Provision Company constituted but one offense, for which he was indicted five times. *538 He therefore argues that, while Bill No. 140 may have been proper, Bills Nos. 138, 139, 141 and 142 covered the same offense as that charged in Bill No. 140. As previously stated, Bill No. 140 charged the robbery of the company payroll. The other bills each charged robbery from an individual victim, committed during the course of the payroll robbery. Where separate crimes are committed against different individuals, a defendant is not placed in double jeopardy by being tried for each: Commonwealth v. Valotta, 279 Pa. 84, 123 A. 681; Commonwealth v. Melissari, 298 Pa. 63, 148 A. 45; Commonwealth ex rel. Kitziner v. Claudy, 173 Pa. Superior Ct. 453, 98 A. 2d 457. Thus, where two robberies are committed, the defendant may be convicted and sentenced for each offense, even though both took place at the same place and at approximately the same time: Commonwealth ex rel. Otten v. Smith, 126 Pa. Superior Ct. 238, 190 A. 2d 525; Commonwealth ex rel. Spencer v. Banmiller, 186 Pa. Superior Ct. 99, 140 A. 2d 860. A person committing several distinct acts defined as crimes by statute may not justly complain of being prosecuted and punished for all of them: Commonwealth v. Taylor, 193 Pa. Superior Ct. 386, 165 A. 2d 134. See also Commonwealth ex rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A. 2d 920; Commonwealth ex rel. Madden v. Ashe, 162 Pa. Superior Ct. 39, 56 A. 2d 335; Commonwealth ex rel. Comer v. Claudy, 174 Pa. Superior Ct. 494, 102 A. 2d 227; Commonwealth v. Yarmark, 185 Pa. Superior Ct. 276, 137 A. 2d 836; Commonwealth v. Williams, 187 Pa. Superior Ct. 295, 144 A. 2d 634.
Appellant's seventh contention is that the trial judge erred in his charge to the jury. Not one of defense counsel took any exception to the charge, or suggested any addition or correction, although given the opportunity to do so. Appellant has quoted certain *539 passages from the charge which he contends are prejudicial. Even as isolated excerpts, they do not appear erroneous. When read in context they are wholly free from objection. Where the charge as a whole is adequate, the trial court need not use any particular language, and excerpts from the charge must be read in context: Commonwealth v. Thompson, 389 Pa. 382, 133 A. 2d 207. Particularly is this true where not even a general exception is taken: Commonwealth v. Heatter, 177 Pa. Superior Ct. 374, 111 A. 2d 371. Furthermore, complaints as to the trial judge's charge must be raised by appeal, and may not be made by habeas corpus: Commonwealth ex rel. Sharpe v. Burke, 174 Pa. Superior Ct. 350, 101 A. 2d 397; Commonwealth ex rel. Patrick v. Banmiller, 398 Pa. 163, 157 A. 2d 214.
Appellant's eighth and ninth contentions are that certain proceedings were conducted in his absence, wherefore he was denied his constitutional rights. He first complains that certain bills of indictment were severed prior to trial, at a time when he was not present. The consolidation or separation of indictments is a matter for the trial judge, whose determination will be reversed on appeal only for obvious abuse of discretion or prejudice to the defendant: Commonwealth ex rel. Bolish v. Banmiller, 396 Pa. 129, 151 A. 2d 480. See also Commonwealth v. Kloiber, 174 Pa. Superior Ct. 483, 101 A. 2d 444; Commonwealth v. Patrick, 174 Pa. Superior Ct. 593, 101 A. 2d 139; Commonwealth v. Ackerman, 176 Pa. Superior Ct. 80, 106 A. 2d 886. In the instant case, as already indicated, the indictments were severed prior to trial. Conceding that the defendant has a right to be present during all stages of the trial itself, this right does not extend to purely procedural matters preparatory to trial. Nor has appellant cited any authority for his *540 position. Moreover, he does not claim that he was prejudiced in any manner by the severance. To the contrary, it appears from the post-trial discussion that appellant's position was improved rather than prejudiced.
Appellant also complains that a private conference was held in chambers subsequent to the verdicts. Briefly, the trial judge invited Captain Ferguson of the Philadelphia Police into consultation prior to pronouncing sentence, stating "all of you can be present". Appellant complains that testimony was then given by unsworn witnesses in his absence. It is of course true that a defendant charged with felony has a right to be present at every stage of the proceedings from arraignment to the rendition of the verdict: Commonwealth v. Johnson, 348 Pa. 349, 35 A. 2d 312; Commonwealth ex rel. Tanner v. Claudy, 378 Pa. 429, 106 A. 2d 401; Commonwealth ex rel. Butler v. Claudy, 171 Pa. Superior Ct. 573, 91 A. 2d 318; Commonwealth ex rel. Paylor v. Claudy, 173 Pa. Superior Ct. 336, 98 A. 2d 468. However, this right does not extend to a pre-sentence investigation. In determining appropriate sentences, trial judges have a wide latitude in ascertaining pertinent facts, whether or not these facts are produced by witnesses who are seen and heard: Commonwealth v. Petrillo, 340 Pa. 33, 16 A. 2d 50. The sentencing of a defendant is a matter which is committed to the sound discretion of the trial judge: Commonwealth v. Coleman, 179 Pa. Superior Ct. 1, 115 A. 2d 811.
Appellant further avers that he was not present when sentence was pronounced, and was not given an opportunity to speak before being sentenced. In this connection, it is proper for us to consider the trial record: Commonwealth ex rel. Chambers v. Claudy, 171 Pa. Superior Ct. 115, 90 A. 2d 383; Commonwealth *541 ex rel. Wagner v. Tees, 174 Pa. Superior Ct. 475, 101 A. 2d 770; Commonwealth ex rel. Velos v. Tees, 175 Pa. Superior Ct. 297, 104 A. 2d 339; Commonwealth ex rel. DeSimone v. Maroney, 179 Pa. Superior Ct. 300, 116 A. 2d 747. According to the instant record, the trial judge, after receiving the verdicts and preparatory to passing sentence, briefly interrogated appellant as to his past offenses. The conference with Captain Ferguson then took place, after which the judge pronounced the sentences. The trial record may not be impeached in a collateral proceeding: Commonwealth ex rel. Kaylor v. Ashe, 167 Pa. Superior Ct. 263, 74 A. 2d 769; Commonwealth ex rel. Chambers v. Claudy, 171 Pa. Superior Ct. 115, 90 A. 2d 383; Commonwealth v. Asher, 181 Pa. Superior Ct. 80, 124 A. 2d 701; Commonwealth ex rel. Karpinski v. Burke, 182 Pa. Superior Ct. 135, 125 A. 2d 460; Commonwealth ex rel. Taylor v. Keenan, 184 Pa. Superior Ct. 507, 135 A. 2d 777. The judgment of a court carries with it a presumption of regularity: Commonwealth ex rel. McGlinn v. Smith, 344 Pa. 41, 24 A. 2d 1; Commonwealth ex rel. Spencer v. Ashe, 364 Pa. 442, 71 A. 2d 799; Commonwealth ex rel. Richter v. Burke, 175 Pa. Superior Ct. 255, 103 A. 2d 293; Commonwealth ex rel. Jackson v. Day, 179 Pa. Superior Ct. 566, 118 A. 2d 289; Commonwealth ex rel. Schenck v. Banmiller, 190 Pa. Superior Ct. 467, 154 A. 2d 320. This presumption gains force with the passage of time: Commonwealth ex rel. Diggs v. Banmiller, 191 Pa. Superior Ct. 101, 155 A. 2d 402. We have already held that, in felonies other than capital offenses, it is not necessary that it should affirmatively appear in the court record that the defendant was present when the verdict was rendered, as it will be presumed that everything was rightly done: Commonwealth ex rel. DeSimone v. Maroney, supra, 179 Pa. Superior Ct. 300, 116 A. 2d 747. *542 A similar presumption of regularity is to be applied in the matter of the defendant's presence when sentence was imposed. Incidentally, possible error in receiving a verdict of guilty while the defendant is not present in court is a matter to be raised by appeal, and does not require discharge on habeas corpus: Commonwealth ex rel. Aldrich v. Ashe, 149 Pa. Superior Ct. 25, 26 A. 2d 211.
As to the right of a convicted defendant to speak before the pronouncement of sentence, it is well established that this requirement applies only in capital cases: Commonwealth ex rel. Corbin v. Banmiller, 391 Pa. 265, 137 A. 2d 467; Commonwealth ex rel. Brogan v. Banmiller, 184 Pa. Superior Ct. 552, 136 A. 2d 141; Commonwealth ex rel. Alexander v. Banmiller, 184 Pa. Superior Ct. 554, 136 A. 2d 489. Furthermore, the error is not so fundamental as to require the granting of a writ of habeas corpus: Commonwealth ex rel. Harris v. Banmiller, 391 Pa. 132, 137 A. 2d 452. The failure of the trial court to afford a convicted defendant an opportunity to speak before sentence is passed is not reversible error even in capital cases unless the defendant was thereby prejudiced: Commonwealth ex rel. Wilson v. Banmiller, 393 Pa. 530, 143 A. 2d 657.
Finally, appellant complains because he was not afforded an opportunity to be present in person for a hearing before the court below on the present petition. Suffice it to say that, where the petition fails to make out a case entitling the petitioner to the relief afforded by habeas corpus, a hearing is not necessary: Hoffman v. Burke, 378 Pa. 651, 107 A. 2d 866; Commonwealth ex rel. Bolish v. Banmiller, 396 Pa. 129, 151 A. 2d 480; Commonwealth ex rel. Gaurich v. Keenan, 181 Pa. Superior Ct. 619, 124 A. 2d 144; Commonwealth ex rel. Shultz v. Myers, 182 Pa. Superior Ct. 431, 128 A. 2d 103.
*543 In summary, we adopt the following excerpt from the well considered opinion of Judge GOLD: "A thorough examination into relator's record indicates that his rights were fully preserved prior to indictment; that he was afforded an eminently fair trial; that the factual issues were fully explained and fairly presented to the jury in the court's charge to the jury; and that the evidence fully supported the verdicts upon which he was sentenced".
Order affirmed.
NOTES
[1] "The matters complained of herein are such as are reviewable only on appeal. Petitioner cannot, therefore, now avail himself of habeas corpus as a remedy since the writ may not be used as a substitute for an appeal": Commonwealth ex rel. Wilkins v. Banmiller, 401 Pa. 347, 164 A. 2d 333. See also Commonwealth ex rel. Lewis v. Ashe, 335 Pa. 575, 7 A. 2d 296; Commonwealth ex rel. Carey v. Keeper of Montgomery County Prison, 370 Pa. 604, 88 A. 2d 904; Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, 106 A. 2d 587; Commonwealth ex rel. Kennedy v. Mingle, 388 Pa. 54, 130 A. 2d 161; Commonwealth ex rel. Wilson v. Banmiller, 393 Pa. 530, 143 A. 2d 657; Commonwealth ex rel. Kennedy v. Myers, 393 Pa. 535, 143 A. 2d 660; Commonwealth ex rel. Romano v. Banmiller, 397 Pa. 606, 156 A. 2d 825; Commonwealth ex rel. Bishop v. Maroney, 399 Pa. 208, 159 A. 2d 893.