Commonwealth *v.* Warner, Appellant.

Argued June 12, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Lois Forer,* with her *Michael J. Perezous,* and *Xakellis, Perezous & Mongiovi,* for appellant.

*Henry J. Rutherford,* Assistant District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 11, 1969:

Judgment of sentence affirmed, and the defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part thereof which had not been performed at the time the appeal was made a supersedeas.

DISSENTING OPINION BY SPAULDING, J.:

I respectfully dissent.

In April 1968 appellant, Dan Philip Warner, was arrested on a charge of public indecency after exposing himself to two females at a bus stop.

Appellant is mentally retarded. At the time of his arrest he was nineteen years old and had no prior criminal record. For several years he received vocational and extensive rehabilitative training from the Pennsylvania Department of Labor and Industry. He has taken a battery of intelligence, aptitude, achievement, and personality tests. He has also been under the care of a private psychiatrist and the Lancaster Guidance Clinic. Prior to the trial in this case he voluntarily committed himself to the Embreeville State Hospital for further testing and treatment.

At the sentencing hearing on February 7, 1969, appellant's counsel sought to present psychological and psychiatric reports prepared by the Embreeville State Hospital and by appellant's private psychiatrist detailing appellant's mental condition. Without reviewing the proffered reports or ordering a presentence investigation, the court below imposed a sentence of six months in the Lancaster County Prison. Appellant contends the court abused its discretion in imposing sentence without ordering a presentence investigation or considering the reports offered by appellant's counsel. Act of December 22, 1965, P. L. 1187, §1, 19 P.S. 890, and Act of June 12, 1951, P. L. 533, §343, 50 P.S. §1223(a).

It is true that the term of sentence, if within statutory limits, is a matter within the discretion of the trial judge. *Commonwealth ex rel. Lockhart v. Myers*, 193 Pa. Superior Ct. 531, 165 A. 2d 400 (1960). However, the court must consider all relevant evidence to determine the appropriate sentence for each individual offender. *Commonwealth v. Elliott*, 371 Pa. 70, 89 A. 2d 782 (1952).

The sentencing court is not obliged to follow the recommendations made in the medical reports. *Commonwealth v. Carter*, 402 Pa. 48, 166 A. 2d 44 (1960), but medical and psychiatric evaluations have been recognized as an important aid to individualized sentencing and treatment, *Commonwealth v. Elliott, supra*. In the instant case the court below was aware that appellant was retarded, had been under private psychiatric care, and had committed himself to the Embreeville State Hospital only two months prior to sentencing. Where, as here, the court is aware that the individual to be sentenced is severely retarded, and, possibly, seriously disturbed, it abuses its discretion in imposing sentence without at least reviewing psychiatric reports offered by counsel.

I would vacate the judgment of sentence and remand the record to the court below for resentencing.

HOFFMAN, J., joins in this dissenting opinion.