## Commonwealth ex rel. *v.* Richards.

*Habeas corpus—Criminal law—Murder—Twice in jeopardy.*
The writ of habeas corpus cannot be resorted to for the purpose of discharging a prisoner on the ground of former jeopardy.

Petition for writ of habeas corpus to sheriff of Indiana Co., No. 301, Misc. Docket, 1922.

*Charles J. Margioti* and *E. E. Creps,* for petition.

*Wilmer H. Wood,* District Attorney, for respondent.

PER CURIAM, June 10, 1922:

By formal indictment, the relator was charged with murder by the grand jury of Indiana County, in December, 1921; his trial took place at the March term following, and the case was submitted to the jury on the 18th of that month; on the 20th, a note was addressed

to the court by the jurymen, in which it was stated that
no agreement could be reached; additional instructions
were given, the members being advised to compose their
differences and render a verdict.  Two days later, the
court was informed again that it was impossible for the
jury to agree, and a like declaration was made on the
25th, it being then stated, in a paper signed by all the
members, that the evidence had been examined and re-
examined for 160 hours, and no unanimous verdict was
possible.  Once more the jury was returned to its room,
where it remained until the afternoon of the 27th, when it
was called before the court, and to each member there
was addressed the question: "Do you feel thoroughly
and completely satisfied that if this jury is required to
remain out until you render a verdict, such verdict
would not be a just verdict, because it would be brought
about by force or coercion, and not be in keeping with
your sincere convictions of the law in the case as ex-
plained by the court, the credible evidence as you recol-
lect it, and your conscience?"  In each instance an af-
firmative answer was given; whereupon, the court, being
of the opinion that an absolute necessity "which could
not be remedied or overcome" had arisen, discharged
the jury from further consideration of the case.  It is
now insisted this action was not justified, and that the
defendant, having been once in jeopardy, cannot be tried
again; he therefore demands a discharge, and, to effect
this purpose, has presented his petition for a writ of
habeas corpus.  The facts as above stated are not denied
in the answer filed to the rule granted; but, as we view the
law, the legal contention now made by the defendant is
not properly before us for consideration.

The relator was regularly indicted, and is held in cus-
tody under a proper commitment; his claim of former
jeopardy rests on questions of fact, and the customary
way of raising the objection now called to our attention
is by formal plea: "The defenses of former jeopardy or
of former acquittal or conviction, do not entitle the

prisoner to be discharged on habeas corpus": 21 Cyc. 305, and many authorities cited. "All questions which may arise in the ordinary course of a criminal prosecution are to be determined by the court to whose jurisdiction the defendant has been subjected by the law, and the fact that a defendant has a good and sufficient defense to a criminal charge on which he is held will not entitle him to his discharge on habeas corpus......; [so] the rule, supported by a majority of the decisions, is that the writ of habeas corpus cannot be resorted to for the purpose of discharging a petitioner on the ground of former jeopardy,—such plea must be presented and tried in the court having jurisdiction to try the offender......and, if the decision of such court is thought erroneous, his remedy is by writ of error or appeal, not by habeas corpus": 12 R. C. L. 1206.

At an early date this court dismissed a writ where there had been an acquittal on some counts of an indictment, no verdict on remaining counts, and jury discharged (Com. v. Deacon, 8 S. & R. 71, 72), saying: "It appears that Roosewelt and Eddy are in custody by order of the mayor's court, and that an indictment against them is still depending in that court. No judgment has been given on the verdict, nor do we know what judgment will be given; but we know that the mayor's court has jurisdiction over the offenses with which the prisoners are charged, and, if it should give an erroneous judgment, remedy may be had by writ of error, which will bring the case properly before us. We are of opinion that it would be improper to discharge the prisoners under the present circumstances, and therefore they are remanded to the custody of the keeper of the prison."

No sufficient reason has been suggested why the questions of law and fact involved in the present application should not be determined in the regular and ordinary way: Com. v. McAleese, 192 Pa. 410. If error be committed in the disposition of the questions raised, the complaint can then be brought to our attention in the man-

ner provided by law. As to the merits of the contro-
versy, though the attending facts seem undisputed, we
express no opinion.

The rule to show cause is accordingly discharged, and
the petition dismissed at the relator's costs.