Commonwealth ex rel. Wagner, Appellant, *v.*
Day.

Submitted March 25, 1955. Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, and WOODSIDE, JJ.
(ERVIN, J., absent).

*Bernard Wagner,* appellant, in propria persona.

*J. Harold Hughes,* Assistant District Attorney,
with him *Joseph E. Pappano,* First Assistant District
Attorney and *Raymond R. Start,* District Attorney,
for appellee.

OPINION BY WOODSIDE, J., July 21, 1955:

This is an appeal from the lower court's dismissal
of the relator's third petition for a writ of habeas cor-
pus brought since he was sentenced to a total of 3 to
6 years in the Eastern Penitentiary on two convic-
tions of aggravated assault and battery upon his wife.

One of the convictions was based upon an informa-
tion made before Alderman Lowry of Chester charging

aggravated assault and battery upon his wife on July 24, 1952. The other was based upon an information made before Justice of the Peace Nathues of Media charging aggravated assault and battery upon his wife on June 5, 1952 when he broke her arm in three places.

The relator first filed a petition for a writ of habeas corpus complaining of an excessive sentence. This was dismissed by the lower court without hearing. Then he filed a petition for a writ alleging that the court and district attorney forced him to hearing without counsel. This was dismissed by the lower court without hearing. Upon appeal to this court it was returned for hearing, *Commonwealth ex rel. Wagner v. Tees,* 174 Pa. Superior Ct. 475, 101 A. 2d 770 (1954). The lower court thereupon took testimony and again refused to issue the writ. No appeal was taken from this determination.

The third petition for a writ alleges double jeopardy. Charges were made before Alderman Kilgallen by Wagner's wife that relator on June 28, 1952 "kicked me and hit me with his fists." The information also charged an attack upon her on June 6 alleging that he broke her arm on that date. The record of the Alderman attached to the petition shows that the wife "withdrew all charges and the case was dropped. Costs of $6 paid by defendant."

After the lower court dismissed the writ, this appeal was taken.

A writ of habeas corpus cannot be resorted to for the purpose of discharging a prisoner on the ground of former jeopardy. *Commonwealth ex rel. v. Richards,* 274 Pa. 467, 118 A. 433 (1922); *Commonwealth ex rel. Wallace v. Burke,* 169 Pa. Superior Ct. 633, 84 A. 2d 254 (1951); *Commonwealth ex rel. Ross v. Egan,* 281 Pa. 251, 126 A. 488 (1924).

Order affirmed.

508

ERVIN, J. took no part in the consideration or decision of this case.