Commonwealth ex rel. Wagner, Appellant, *v.*
Banmiller.

Submitted October 10, 1957. Before RHODES, P. J.,
HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ.

*Bernard Wagner*, appellant, in propria persona.

*Jacques H. Fox*, Assistant District Attorney, *J. Harold Hughes*, First Assistant District Attorney, and *Raymond R. Start*, District Attorney, for appellee.

OPINION BY WATKINS, J., November 12, 1957:

The relator, Bernard Wagner, was convicted of assault and battery and aggravated assault and battery upon his wife. The trial was the result of two indictments, based on an alleged assault on June 5, 1952 and another on July 24, 1952. He was sentenced on September 30, 1952 to serve two terms of one and one-half years to three years each, the second sentence to begin at the expiration of the first.

He was released on parole on November 22, 1955 but on July 9, 1956 he was returned to the State Penitentiary as a technical parole violator.

This relator has filed a series of habeas corpus writs setting forth various reasons for his right to be discharged. The lower court dismissed a petition claiming that the sentence was excessive. His petition alleging that the District Attorney and Judge forced him to trial without counsel was dismissed by the lower court without hearing. This petition, on appeal to this Court, was returned for hearing in an opinion by President Judge RHODES. *Com. ex rel. Wagner v. Tees,* 174 Pa. Superior Ct. 475, 101 A. 2d 770 (1953). After hearing in the court below it was again dismissed. Another petition alleging double jeopardy was dismissed by the lower court without hearing, and on appeal to this Court was affirmed in an opinion by Judge

Woodside.   *Com. ex rel. Wagner v. Day,* 178 Pa. Superior Ct. 506, 115 A. 2d 404 (1955).

The present action sought a rehearing on an amended petition for a writ of habeas corpus. No answer was filed and no hearing was held and the Court dismissed the petition. From that order relator has appealed to this Court.

The petition in this case as amended was dismissed without answer or hearing. "But it would be absurd to suppose that the Legislature intended to direct the taking of testimony when there is no issue of fact to be decided or when the facts averred by relator, even if believed, are insufficient to warrant granting the writ of habeas corpus." *Com. ex rel. Bishop v. Claudy,* 373 Pa. 523, 527, 97 A. 2d 54 (1953).

The amended petition sets forth a statement, under oath, by his wife, the victim of the assault, that indicates that she was telling an untruth at the trial and that this after discovered evidence proves his innocence. As a further reason for the writ he claims that the lower court's refusal of his request for a continuance of the case at the time of the trial, prevented him from having the necessary witnesses present to prove his innocence.

The second contention concerning his request for a continuance has already been disposed of, in one of his prior petitions, by this Court where President Judge Rhodes, said: "As the court below points out in its opinion, relator's complaint of the trial court's refusal to continue the trial that relator might secure witnesses is also without merit; no such request was made by relator until after the jury was impaneled and the trial virtually concluded. Moreover, relator's request did not state what witnesses he desired or what would be the nature of their testimony." *Com. ex rel. Wagner v. Tees,* supra, at page 477.

As to the recantation by his wife of her testimony at the trial as after discovered evidence to prove his innocence, even as a ground for a new trial, the recent cases support the view that the courts, with their experience of witnesses, will pay in general but little regard to the statements of a recanting witness. And, at least on appeal, will not reverse the ruling of the trial court denying a new trial on the ground of newly discovered evidence showing that the witness had made statements which tended to establish that his testimony at the trial was perjured, whether the witness himself makes oath of the statement or not. 74 A.L.R. 757.

This is especially true in this case where the relator and the recanting commonwealth witness are husband and wife. She indicated in her statement that the breaking of her arm in three places by the relator was accidentally inflicted when the relator grabbed her arm in self defense. It took her three years to make up her mind that it was an accidental injury rather than the result of a felonious assault.

Recanting testimony is exceedingly unreliable and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. "Especially is this true where the recantation involves a confession of perjury." *Com. v. Palarino,* 168 Pa. Superior Ct. 152, 155, 77 A. 2d 665 (1951).

This being the state of the law as to recanting testimony, where a motion for a new trial is concerned, the unreliability of such testimony applies with much more force when the writ of habeas corpus is involved. Here, even if the recanting testimony is reliable, the writ of habeas corpus cannot be resorted to for the discharge of a prisoner on that ground. *Com. v. Szocki,* 183 Pa. Superior Ct. 79, 127 A. 2d 760 (1956). "A habeas corpus is not a writ of error. It cannot bring a case before us in such a manner that we can exercise

any kind of appellate jurisdiction in it." *Com. ex rel. Penland v. Ashe, Warden,* 341 Pa. 337, 340, 19 A. 2d 464 (1941). *Com. ex rel. O'Halloran v. Burke,* 176 Pa. Superior Ct. 477, 107 A. 2d 577 (1954).

The writ of habeas corpus may not be used to re-examine matters of fact which were passed on by the jury at the trial. *Com. ex rel. Geiger v. Burke,* 371 Pa. 230, 89 A. 2d 495 (1952) ; *Com. ex rel. Lepera v. Burke,* 173 Pa. Superior Ct. 627, 98 A. 2d 408 (1953). "An attack on the evidence presented at the trial, based on an averment that it was perjured, cannot be a subject of habeas corpus." *Com. ex rel. Ruger v. Day,* 176 Pa. Superior Ct. 479, 483, 108 A. 2d 818 (1954).

Order affirmed.