## Commonwealth ex rel. Smith, Appellant, *v.* Cavell.

Submitted June 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*George F. Smith,* appellant, in propria persona.

*Charles L. Durham* and *Juanita Kidd Stout,* Assistant District Attorneys, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WATKINS, J., September 11, 1958:

This is an appeal from an order of the Court of Common Pleas No. 4 of Philadelphia County dismissing appellant's petition for writ of habeas corpus. The

appellant was arrested on January 29, 1953 and was convicted on four bills of indictment charging robbery and carrying a concealed deadly weapon. He was sentenced to a term of no less than 7 years and no more than 20 years in the Eastern Penitentiary on one bill and sentence was suspended on the others. The appellant neither sought a new trial nor took an appeal.

This petition for a writ of habeas corpus complains that witnesses to the alleged offenses were suppressed by the Commonwealth at the time of the trial; that the record failed to show the elements of the alleged offenses; that the indictment failed to set forth a proper date on which the alleged crime was committed; and that no information or warrant was ever issued for his arrest.

The petition and answer were considered by the court below and the petition dismissed without a hearing. This appeal followed, raising two issues: (1) Did the court below err in dismissing the petition without a hearing? And (2) Did the court below err in not granting the petition for the reasons set forth?

We agree with President Judge Bok, who wrote the opinion in support of the disposition of this matter in the court below that "Nothing is better established than the rule that habeas corpus can never serve as a substitute for an appeal and that trial errors must be taken advantage of only by an appeal: Commonwealth ex rel. Brogan v. Banmiller, 184 Pa. Superior Ct. 552 (1957)". See also *Com. ex rel. Howard v. Claudy,* 172 Pa. Superior Ct. 574, 93 A. 2d 906 (1953); *Com. ex rel. Ruger v. Day,* 176 Pa. Superior Ct. 479, 108 A. 2d 818 (1954); *Com. ex rel. Alexander v. Banmiller,* 184 Pa. Superior Ct. 554, 136 A. 2d 489 (1957); *Com. ex rel. Koffel v. Myers,* 184 Pa. Superior Ct. 270, 133 A. 2d 570 (1957).

Prior to the Habeas Corpus Act, May 25, 1951, P. L. 415, 12 PS §1901 et seq., it was clear that no hear-

ing was necessary to dispose of a petition for a writ of habeas corpus if the petition and answer raised no material or substantial question of fact. Since the passage of the act, the matter has been raised a number of times as to the requirement of a hearing under the act. However, the Supreme Court in *Com. ex rel. Bishop v. Claudy*, 373 Pa. 523, 97 A. 2d 54 (1953), settled this matter where the Court, speaking through Justice ALLEN M. STEARNE said, at page 527, "But it would be absurd to suppose that the Legislature intended to direct the taking of testimony when there is no issue of fact to be decided or when the facts averred by the relator, even if believed, are insufficient to warrant granting the writ of habeas corpus." See also *Com. ex rel. Alexander v. Banmiller,* supra; *Com. ex rel. Taylor v. Keenan,* 184 Pa. Superior Ct. 507, 135 A. 2d 777 (1957) ; *Com. ex rel. Wagner v. Banmiller,* 184 Pa. Superior Ct. 639, 135 A. 2d 766 (1957).

The order is affirmed.