Commonwealth *v.* Wilcox, Appellant.

Argued September 12, 1966.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Sanford Kahn,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Alan J. Davis,* Assistant District Attorney, with him *John J. DiPaul,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., November 17, 1966:
On the night of December 27, 1964, three men broke through a window into the home of Pauline Swindell with whom prosecutrix Alberta Williams was staying. After pulling out the floor lamps and breaking the ceiling lights to darken the room in which prosecutrix was sleeping, they forcibly removed her clothing and she

was raped three times. Although prosecutrix was unable to say that each of the three men raped her, she being unable to see in the darkened room, she had ample opportunity before the lights went off to identify the defendant as one of the three who were present. Defendant was also identified by Pauline Swindell.

Following a trial before the Honorable VICTOR J. DiNUBILE sitting without a jury, defendant was found guilty of rape. Motions for a new trial and arrest of judgment were refused and judgment of sentence was imposed. This appeal followed.

Three errors are assigned as reasons for reversal of the judgment.

First, defendant contends that it was error for the trial judge to disregard a statement made by Freeman Anderson, a Commonwealth witness, to the effect that he saw *four* men enter the Swindell home that night *by way of the door* but was unable to recognize any of them. However, contrary to this statement he also testified that he saw *LaVerne* and three others enter. LaVerne was later referred to as this defendant, Norman Wilcox. It was Anderson who later called the police after returning to the Swindell house and finding prosecutrix crying.

It is argued that Anderson's statement that four men entered the house through the door exculpated the defendant since prosecutrix testified she had been raped by three men who entered by way of the window. This argument is untenable. Anderson left the house at 11:00 p.m. and returned at 12:30. He may have seen four men enter at the time of his departure who were not the three who broke in and committed the rape; or the defendant may have been with each group; or the witness may have erred in the number, or perjured himself as he subsequently admitted having done. However, it was for the trial judge to decide what the true facts were and since he elected to disbelieve Anderson

and accept the statement of Mrs. Swindell and the prosecutrix, he committed no error in doing so. Although the trial judge referred in his opinion to the testimony given by Detective Haber, to the effect that it was on information received from Anderson that the defendant was arrested (to which statement there was no objection) in support of his decision to disbelieve Anderson on the point of seeing four men enter the house, this does not justify a reversal. We repeat, the credibility of witnesses and the weight to be given their testimony is for the trier of the facts. Nor do we think the testimony of Detective Haber was objectionable. See *Wagner v. Wagner,* 158 Pa. Superior Ct. 93, 43 A. 2d 912 (1945).

Next, we find no reversible error relating to the question asked the defendant on cross-examination, i.e., "Do you know that he [referring to Anderson] gave a statement to the police identifying you as one of the men that came in and raped a woman?" An objection to this question was sustained. However, the same information had been given in the testimony of Detective Haber. Had there been a jury the trial judge could justifiably have instructed the jury to disregard the question. We think Judge DiNubile did ignore it, as he was well qualified to do. This was a discretionary matter, *Piwoz v. Iannacone,* 406 Pa. 588, 178 A. 2d 707 (1962), and there is no abuse of discretion present.

Finally, the defendant argues that Judge DiNubile was not qualified to dispose of the post-trial motions for the reason that after finding the defendant guilty, he recalled Anderson to the stand and questioned him further, which resulted in an admission by this witness that he had lied when he said he could not identify the defendant as one of the men whom he had seen entering the Swindell house. The recall of this witness followed immediately the completion of the testimony and the argument of defendant's counsel, but before sen-

tence. It was in the presence of defendant and his counsel, and there was no objection on their part. Anderson was asked by the court, "Q. Mr. Anderson, *now that this case is over,* why didn't you tell the whole story?" (Emphasis supplied.) After some further questioning Judge DiNubile then asked the witness why he had not testified fully that he recognized defendant as one of the men running from the house, to which Anderson replied, "I just didn't want to hurt him." He admitted that the defendant was his friend.

This situation is much different than that in *Commonwealth v. Scasserra,* 199 Pa. Superior Ct. 200, 184 A. 2d 299 (1962), cert. denied, 373 U.S. 940, 10 L. Ed. 2d 695, 83 S. Ct. 1546, where a new trial was granted when testimony was taken after an adjudication of guilt in a trial without a jury. In that case the trial judge indicated that he had a reasonable doubt in his mind when he made his decision. That was the reason he recalled the witness. No doubt is indicated in the present case as Judge DiNubile repeated his decision finding the defendant guilty. His later inquiry was merely to determine why the witness, who had already been disbelieved, had lied. Under the circumstances the subsequent admission of perjury by Anderson had no effect upon his decision because it was consistent with the finding of incredibility previously made by him. Had it been in conflict with that finding the situation might be different. However, an admission of perjury by a witness does not always justify a new trial. *Commonwealth ex rel. Shapiro v. Shapiro,* 204 Pa. Superior Ct. 135, 203 A. 2d 369 (1964); *Commonwealth ex rel. Wagner v. Banmiller,* 184 Pa. Superior Ct. 639, 135 A. 2d 766 (1957); *Commonwealth v. Palarino,* 168 Pa. Superior Ct. 152, 77 A. 2d 665 (1951).

Judgment of sentence affirmed.