J-S32018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| RICKY J. FRITCHMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL D. OVERMYER | : | No. 354 EDA 2019 |

Appeal from the Judgment Entered January 11, 2019
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2016-8234

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED SEPTEMBER 09, 2019**

Appellant Ricky J. Fritchman appeals *pro se* from the order denying his petition for writ of *habeas corpus*.  Appellant argues the trial court erred in finding only one of his claims cognizable under the Post Conviction Relief Act[1] (PCRA), and that his remaining claims were waived.  We affirm.

The trial court summarized the procedural history of this case as follows:

On July 20, 1988, a jury found [Appellant] guilty of second degree murder.  On August 3, 1988, [Appellant] was sentenced to a mandatory term of life imprisonment by the Honorable Robert A. Freedberg.  [Appellant] filed post-sentence motions, which were denied by Judge Freedberg on April 11, 1990.  On May 3, 1990, [Appellant] appealed his sentence to the Pennsylvania Superior Court, and the Court affirmed the judgment of sentence on May 31, 1991.  The Supreme Court of Pennsylvania denied [Appellant's] petition for allowance of appeal on March 19, 1992.

Since then, [Appellant] has filed several petitions for post-conviction collateral relief [under the PCRA].  [Appellant's] fourth

_____

[1] 42 Pa.C.S. §§ 9541-9546.

and most recent PCRA petition was dismissed by the Honorable Emil A. Giordano on January 4, 2013, and [Appellant] did not file an appeal . . . .

Trial Ct. Order, 1/11/19, at 1-2.

On September 20, 2016, the trial court docketed Appellant's *pro se praecipe* for writ of *habeas corpus* and an "affidavit and declaration in support of petition." The affidavit included a 115-page *habeas* petition (the September 2016 petition). In the September 2016 petition, Appellant asserted (1) the statutes under which he was prosecuted and imprisoned were illegal because the 1968 Pennsylvania Constitution did not contain a savings clause; (2) the 1968 Pennsylvania Constitution itself was unconstitutional; (3) the court rules and rules of criminal procedure violated the separation of powers doctrine; (4) the trial court lacked subject matter jurisdiction; (5) his constitutional rights to have a jury authorize the maximum sentence were violated; and (6) the criminal complaint and information were defective.

The docket shows the trial court and the Commonwealth took no action between October and December of 2016. Appellant, however, filed various *pro se* notices and motions seeking a default judgment based on the September 2016 petition.

In March 2017, Appellant then filed a *pro se* "notice of motion" seeking leave to "cure the existing inappropriate filing," that is, his September 20, 2016 *praecipe* and petition. The trial court took no action on the "notice of motion."

On August 13, 2018, Appellant moved to amend and refile his *habeas* petition. On October 24, 2018, the trial court issued an order reassigning the matter to the Honorable Anthony S. Beltrami for disposition.

On October 30, 2018, the trial court docketed Appellant's amended *pro se* petition (the October 2018 petition). In the October 2018 petition, Appellant asserted that he was confined on an illegal sentence. ***See*** Oct. 2018 Pet., 10/30/18, at 2. In support, Appellant claimed (1) the criminal information and complaint were "so fatally defective that the charging documents never charged him with what the jury found him guilty of"; (2) the sentence for second-degree murder under 18 Pa.C.S. § 1102(b) was illegal because 42 Pa.C.S. § 9721(a) did not authorize the imposition of a mandatory sentence of imprisonment; (3) his conviction for second-degree murder was improper because he was not convicted of a predicate felony; and (4) his life sentence was not authorized because it was based on a defective verdict. ***Id.*** at 2-3, 7-8. Additionally, Appellant argued his claims were properly raised in a *habeas* petition because they were not cognizable under the PCRA. ***Id.*** at 3.

On January 11, 2019, the trial court denied Appellant's petition.[2] The trial court initially noted Appellant's claim that the criminal complaint and

---

[2] The trial court filed Appellant's *habeas* petition under a civil docket, and the record for Appellant's criminal case was not included in the certified record transmitted in this appeal. We emphasize that Appellant bore the burden of ensuring the certified record contained all materials necessary for appellate

information were defective was cognizable under the PCRA.[3]  ***See*** Order,

1/11/19, at 1 n.1.  The trial court concluded Appellant's remaining claims did

not fall under the PCRA, noting

> [Appellant] argues that the sentence he received is unlawful
> because it did not include a minimum term of imprisonment.
> Though this issue appears to pertain to the legality of [Appellant's]
> sentence, it is not cognizable under the PCRA and may be disposed
> of as a petition for a writ of *habeas corpus*.  ***See Commonwealth
> v. Rouse***, 191 A.3d 1, 5 (Pa. Super. 2018) (holding challenges to
> "the minimum sentence imposed" or arguments that "no minimum
> sentence was imposed" are not cognizable claims under the
> PCRA); ***see also Commonwealth v. Lewis***, 718 A.2d 1262,
> 1265 (Pa. Super. 1998) (holding argument that no mandatory
> minimum sentence was imposed is not cognizable under the
> PCRA).  [Appellant] also argues that the Commonwealth failed to
> meet its burden to prove beyond a reasonable doubt that a felony
> occurred during the commission of the murder.  This argument is
> a challenge to [Appellant's] verdict, and it does not challenge the
> legality of the sentence.  Thus, the court is not required to treat it
> as a PCRA issue.  ***See Joseph v. Glunt***, 96 A.3d 365, 368-69 (Pa.
> Super. 2014) (holding issues that do not pertain to the legality of
> a sentence may be treated as petitions for a writ of *habeas
> corpus*).

Order, 1/11/19, at 2-3.  Nonetheless, the trial court concluded that Appellant

waived his remaining claims "because he did not raise them after the jury

delivered its verdict, at his sentencing hearing, or in any of his post-sentence

---

review.  ***See Commonwealth v. B.D.G.***, 959 A.2d 362, 372 (Pa. Super.
2008).  Nevertheless, the absence of the full criminal record does not impede
meaningful consideration in this appeal.

[3] The trial court transferred Appellant's PCRA claim to Appellant's criminal
docket for consideration as a fifth PCRA petition and issued a Pa.R.Crim.P. 907
notice of its intent to dismiss that claim.  Order, CR-246-1988, 1/11/19.  The
criminal docket reveals that Appellant subsequently withdrew the PCRA claim.

motions." *Id.* at 3. The trial court added that "even if the issues had not been waived, they are without merit." *Id.*

On January 24, 2019, the trial court docketed Appellant's timely notice of appeal. Appellant's filed a timely court-ordered Pa.R.A.P. 1925(b) statement raising the following errors complained of on appeal:

1.) Was the [trial court] prejudicial to Appellant when it ordered a summary dismissal because the Respondent was properly served, [Appellant] complied with all necessary civil rules, and the Respondent clearly defaulted?

2.) Was summary dismissal improper because [A]ppellant has already served an improperly imposed 30 year imprisonment?

3.) The [trial court] should have allowed [Appellant] a chance to respond before dismissing the case.

4.) In was clearly incorrect for the [trial court] to determine that the issues raised by Appellant in [the October 2018 petition] "have been waived . . . ." Because the issues Appellant were raising were clearly challenging the illegality of his sentence which is a non-waivable matter . . . .

5.) In Appellant's [October 2018 petition] it states, "despite all other allegations raised in the [September 2016 petition], the one of the utmost and initial importance is that [Appellant] is incarcerated, and has been incarcerated for over 30 years for the conviction of 2nd degree murder, without ever be[ing] charged with, or convicted of a felony in the same action at law. For the [trial court] to construe this as an argument that the Commonwealth **failed** to meet the admission of evidence . . . [i]s so misguided and so incorrect as to '**shock**' one[']s sense of justice.

6.) On Wednesday August 3, 1988, Appellant was sentenced at 246 of 1988 . . . in accordance with an amendment to the Pennsylvania Rules of Criminal Procedure at that time. [D]ue to the aforesaid, the sentence imposed was a mandatory sentence . . . It is clear in Pennsylvania that the "Sentencing Code" is separated from the "Crimes Code." Pursuant to Pennsylvania's

Sentencing Code (as it existed in 1988), it becomes clear that a Pennsylvania judge **must** impose one or more of the **alternatives** provided in [42 Pa.C.S. § 9721(a)(1)-(7)]. The only "exception" to this law that existed at that time was, "except where a mandatory **minimum** sentence is otherwise provided by law. . . . It is clear that Appellant's sentence was not in accordance with this statute for it was not a "Mandatory **minimum**" sentence and it authorized "imprisonment," which is not one of the alternatives authorized under [42 Pa.C.S. § 9721(a)(1)-(7)].

7.) Appellant was charged by information of [18 Pa.C.S. § 2501—Criminal Homicide]. He was charged with no other charges. This charge was held over for trial. The jury was sent to deliberate on a charge of First Degree Murder and returned with a finding of "Not Guilty." The [trial court] incorrectly sent the jury back to deliberate on the charge of 'Second Degree Murder,' and they returned with a finding of "Guilty." The issue with this is, in Pennsylvania[,] the judge should have gone from first degree to third degree because there was **no felony** on the information. For the jury to return with a guilty finding on Second degree and Appellant to be held for over 30 years on a conviction of Second degree without a felony ever being char[g]ed is against any second degree statute even imposed on second degree in Pennsylvania. Appellant's sentence is illegal and this writ must issue.

Appellant's Rule 1925(b) Statement, 2/8/19, at 1-3 (citations omitted) (emphasis in original).[4] The trial court issued a Rule 1925(a) opinion.

Appellant raises the following questions, which we have reordered as follows:

[1.] [W]as [A]ppellant illegally found guilty of 18 Pa.C.S. § 2502(b) Murder of the Second Degree and sentenced under § 1102(b) to Life Imprisonment because [A]ppellant was never charged with nor was there any criminal affidavit stating that

_____

[4] As discussed below in footnote 5, we conclude Appellant's Rule 1925(b) statement narrows the particular claims on which we will focus our discussion of the arguments raised in this appeal.

[A]ppellant was a principle [sic] or an accomplice in the perpetration of a felony?

[2.] When [A]ppellant challenged that Second Degree Murder statutorily requires that one commits a homicide during the commission of a felony, further requiring one to be charged with a felony in the very least; did the [the trial court] incorrectly construe this as an argument that the Commonwealth failed to meet its burden to prove beyond a reasonable doubt that a felony occurred during the commission of the murder, so challenging [A]ppellant's verdict, and not the legality of his sentence or the statutory authorization of the statute of which he is confined, thereby establishing such a [burden of proof] argument cannot be raised in a petition for a writ of *habeas corpus*?

[3.] [W]as summary dismissal of [A]ppellant's Petition for Writ of *Habeas Corpus* improper when [A]ppellant requested Default Judgment be ordered against [Appellant] for failing to answer because issue(s) raised in *Habeas Corpus* action were *prima facie* sufficient to establish to establish [the] existence, validity, and creditability of a non-frivolous question to the legality of [A]ppellant's sentence and is not waived, despite [A]ppellant's failure to raise it before the trial court?

Appellant's Brief at 17.

Appellant's arguments on appeal are interrelated, and we summarize them together. First, Appellant asserts that the PCRA did not provide a remedy for any of his claims. *See id.* at 18. Second, Appellant contends that he did not waive his claims because he exhausted all available remedies, including filing several PCRA petitions. *Id.* at 24. Relatedly, Appellant asserts that his claims could not be waived because they are non-waivable challenges to the legality of his sentence. *Id.* at 24-25 (citing *Commonwealth v. Foster*, 17 A.3d 332 (Pa. 2011)). Third, Appellant argues that the trial court failed to address all of his claims and erred in summarily dismissing his petition without further proceedings. *Id.* at 23-24. The remainder of Appellant's brief

discusses the merits of his claims, in that he was improperly charged and convicted of second-degree murder and his sentence was not an authorized sentencing alternative under 42 Pa.C.S. § 9721(a).

When reviewing the denial of a claim for *habeas* relief,

> [o]ur standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.

*Rivera v. Pa. Dep't of Corr.*, 837 A.2d 525, 528 (Pa. Super. 2003) (citations omitted). This Court "may affirm on any legal basis supported by the certified record." *Rouse*, 191 A.3d at 7 (citation omitted).

Initially, we must determine whether Appellant's claims were cognizable under the PCRA. This determination presents a question of law over which our standard of review is *de novo* and our scope of review plenary. *Commonwealth v. Montgomery*, 181 A.3d 359, 367 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018).

By way of background, it is well settled that

> [a] petition for a writ of *habeas corpus* "lies to correct void or illegal sentences or an illegal detention, or where the record shows a trial or sentence or plea so fundamentally unfair as to amount to a denial of due process or other constitutional rights, or where for other reasons the interests of justice imperatively required it." Pursuant to [42 Pa.C.S. § 6502], "[a]ny judge . . . may issue the writ of habeas corpus to inquire into the cause of detention of any person or for any other lawful purpose." The writ, if issued, directs the restraining authority to produce the person and state the "true cause of the detention."

- 8 -

*Chadwick v. Caulfield*, 834 A.2d 562, 566 (Pa. Super. 2003) (citations omitted).

The Pennsylvania General Assembly enacted the PCRA "to be the sole means of achieving post-conviction relief." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) (citation omitted). Section 9542 states that the PCRA

> provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.

42 Pa.C.S. § 9542; *accord* 42 Pa.C.S. § 6503(b) (stating that "[w]here a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law").

Section 9543 defines the eligibility requirements for the PCRA and provides that a petitioner may seek relief under the PCRA for "a conviction or sentence" that resulted from one or more of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

- 9 -

\*    \*    \*

> (vii) The imposition of a sentence greater than the lawful maximum.
>
> (viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2)(i)-(ii), (vii)-(viii).

Additionally, a PCRA petitioner must demonstrate that "the allegation of error has not been previously litigated or waived" and "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.* § 9543(a)(3)-(4). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b). Generally, direct appeal claims that a petitioner failed to raise on appeal are waived for purposes of the PCRA. *See Commonwealth v. Brown*, 872 A.2d 1139, 1145 (Pa. 2005).

> The Pennsylvania Supreme Court has held that
>
> the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review. Such narrow construction would be inconsistent with the legislative intent to channel post-conviction claims into the PCRA's framework, and would instead create a bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not.

*Commonwealth v. Hackett*, 956 A.2d 978, 986 (Pa. 2008).

- 10 -

Furthermore, "[t]he PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions." **Commonwealth v. Fennell**, 180 A.3d 778, 781 (Pa. Super. 2018), *appeal denied*, 192 A.3d 1111 (Pa. 2018); **see also** 42 Pa.C.S. § 9545. We have explained that

> [i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Taylor**, 65 A.3d at 466.

As to claims challenging the legality of a sentence, this Court has stated that

> "[a] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." "A sentence is illegal where a statute bars the court from imposing that sentence" or where the sentence subjects a defendant to double jeopardy. "[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."

**Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) (citations omitted).

However, "[c]areful consideration should be paid to determining when a claim pertains to an illegal sentence or if it is more accurately considered a waivable issue that presents a legal question." **Commonwealth v. Tobin**, 89 A.3d 663, 669 (Pa. Super. 2014).

> The phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases.

- 11 -

Those categories are: "(1) claims that the sentence fell 'outside of the legal parameters prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in ***Apprendi v. New Jersey***, 530 U.S. 466 . . . (2000)."

The latter category includes claims that arise under the progeny of ***Apprendi***, including ***Alleyne v. United States***, 570 U.S. 99, . . . (2013). Additionally, "[t]his Court has also held that claims pertaining to the Eighth Amendment's Cruel and Unusual Punishment Clause also pertain to the legality of the sentence."

***Commonwealth v. Smith***, 194 A.3d 126, 137 (Pa. Super. 2018), *appeal denied*, 208 A.3d 64 (Pa. 2019) (some citations omitted).

In sum, a petitioner must bring a claim under the PCRA if "the PCRA provides a remedy for such a claim" under 42 Pa.C.S. § 9543(a). ***Commonwealth v. Fahy***, 737 A.2d 214, 224 (Pa. 1999). The fact that the claim cannot be considered under the PCRA because it was previously litigated, waived, or untimely "does not alter the PCRA's coverage or make *habeas corpus* an alternative basis for relief." ***Id.***

Even if a claim is not cognizable under the PCRA, it is well settled that "*[h]abeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available." ***See Rouse***, 191 A.3d at 6. A *habeas* petition is not a substitute for a direct appeal. ***See Com. ex rel. Ashmon v. Banmiller***, 137 A.2d 236, 238 (Pa. 1958); ***Com. ex rel. Smith v. Cavell***, 144 A.2d 505, 506 (Pa. Super. 1958). Therefore, challenges to a conviction or sentence that could have been raised at trial or in a direct appeal are waived for purposes of a *habeas* petition. ***See Com. ex rel. Brogan v.***

*Banmiller*, 136 A.2d 141, 142 (Pa. Super. 1957); *accord Rouse*, 191 A.3d at 7.

In *Rouse*, for example, the petitioner claimed that the General Assembly failed to give adequate "notice of the penalty for that offense, especially in light of other sentencing provisions, such as the minimum/maximum rule." *Rouse*, 191 A.3d at 5. The *Rouse* Court noted that

> because [the defendant's] claim does not challenge the imposition of a sentence in excess of the lawful maximum, it does not fall under the purview of Section 9543(a)(2)(vii). And, to the extent that Section 9543(a)(2)(vii) encompasses all illegal-sentencing issues, [the defendant's] claim does not implicate any category of illegal sentences previously recognized by Pennsylvania Courts.

*Id.* at 7.

Although the *Rouse* Court determined the claim was not cognizable under the PCRA, the Court concluded no relief was due because the petitioner waived the claim. *Id.* at 6-7. Specifically, the Court reasoned that the petitioner's claim failed to raise a non-waivable legality-of-sentencing issue. *Id.* at 7. The Court concluded that "because [the petitioner] could have challenged the constitutionality of Section 1102(b) at sentencing or in a post-sentence motion, he . . . failed to exhaust all available remedies before seeking relief under *habeas corpus*." *Id.* at 7.

Mindful of the foregoing principles, we address Appellant's first two arguments that his claims were not cognizable under the PCRA and that the trial court erred in finding his claims waived. *See* Appellant's Brief at 18, 24-

25. In so doing, we note that Appellant preserved the following claims for review: (1) the trial court imposed an illegal sentence for second-degree murder because the Commonwealth failed to charge him with or prove an underlying felony and because the trial court erred in its instructions to the jury; and (2) the Sentencing Code did not authorize a sentence of life imprisonment.[5] *See* Appellant's Rule 1925(b) Statement at ¶¶ 5-7.

As to Appellant's claim that his sentence was illegal because of defects in his conviction, we conclude that no relief is due. Appellant asserts errors based on the elements of the offense, the charging documents, and the trial court's instructions to the jury, all of which could have been raised at trial or in a direct appeal.[6] *Com. ex rel. Smith*, 144 A.2d at 506; *accord Rouse*,

_____

[5] Appellant raised numerous other claims in his September 2016 and October 2018 petitions. However, Appellant's Rule 1925(b) statement was limited to the claims set forth above. *See* Appellant's Rule 1925(b) Statement. Moreover, in his brief, Appellant argues that two claims were meritorious, but does not meaningfully discuss the other claims that he raised in his petitions. *See* Appellant's Brief at 14-23. Therefore, Appellant has waived the claims he did not identify in his Rule 1925(b) statement or argue in his brief. *See* Pa.R.A.P. 1925(b), 2119(a); *Commonwealth v. Johnson*, 107 A.3d 52, 69 n.7 (Pa. 2014); *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002).

[6] Even if Appellant's trial or direct appeal counsel did not preserve these allegations of error, Appellant had an opportunity to raise ineffective assistance of counsel claims in a timely PCRA petition. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(ii), (3)-(4). Additionally, because we do not have the complete criminal record in this case, we cannot assess whether Appellant previously litigated these allegations in his direct appeal. *See Commonwealth v. Fritchman*, 1268 PHL 90, 2-3 (Pa. Super. filed May 31, 1991) (unpublished mem.) (indicating that Appellant raised twenty-six issues in his direct appeal and affirming on the basis of the trial court opinion without reciting those issues).

- 14 -

191 A.3d at 7. Although Appellant attempts to frame this issue as an illegal sentencing challenge, his underlying assertions do not fall within the recognized categories of non-waivable sentencing claims. *See Rouse*, 191 A.3d at 7; *Tobin*, 89 A.3d at 669. Therefore, to the extent Appellant's assertions were not waived under the PCRA, we agree with the trial court that Appellant waived this claim for the purpose of a *habeas* petition. *See Rouse*, 191 A.3d at 7. *But cf.* 42 Pa.C.S. § 9544(b); *Brown*, 872 A.2d at 1145; *Fahy*, 737 A.2d at 224.

As to Appellant's claim that 42 Pa.C.S. § 9721(a) did not authorize the imposition of a mandatory sentence of life imprisonment, we initially note Appellant's arguments were ambiguous. On one hand, it appears that Appellant asserted that 42 Pa.C.S. § 9721(a) did not permit the trial court to impose a mandatory sentence of "imprisonment." However, such a claim would go to the statutory authority of the trial court to impose a life sentence. *See Fowler*, 930 A.2d at 592. Therefore, this claim could have been raised in a timely PCRA petition and could not be raised in a *habeas* petition. *See id.*; *accord Commonwealth v. Stultz*, 114 A.3d 865, 884 (Pa. Super. 2015) (addressing a similar claim in an appeal from the denial of a timely PCRA petition).

On the other hand, as suggested by the trial court, Appellant's claim could also be construed as a challenge to the trial court's failure to impose a minimum sentence or a constitutional challenge to 18 Pa.C.S. § 1102(b). *See* Order, 1/11/19, at 2-3. Although this Court has held that such claims could

raise legal errors that are not cognizable under the PCRA, they still do not constitute non-waivable sentencing claims. **See Rouse**, 191 A.3d at 7. Accordingly, the trial court properly concluded such claims were waived for the purpose of a *habeas* petition. **See id.**

Therefore, having reviewed the record and the relevant law, we find no reversible error or abuse of discretion in the trial court's overall conclusion that Appellant's underlying claims were either cognizable under the PCRA or waived for the purpose of the instant *habeas* petition. **See id.**; **Rivera**, 837 A.2d at 528. As such, Appellant's first two arguments on appeal merit no relief.

In his third argument, Appellant asserts that the trial court failed to address all of the claims he raised in his petitions and erred in summarily dismissing of his petition without a response from the Commonwealth. Appellant's Brief at 19. However, a *habeas* petition "may be denied summarily and without a hearing where it fails to allege facts making out a *prima facie* case for the issuance of the writ." **Balsamo v. Mazurkiewicz**, 611 A.2d 1250, 1253 (Pa. Super. 1992) (citations omitted). "A hearing is not required when there is no issue of fact to be decided or when the facts averred by relator, even if believed, are insufficient to warrant granting the writ of *habeas corpus*." **Commonwealth v. Judge**, 916 A.2d 511, 521 n.13 (Pa. 2007) (citation omitted).

Here, as discussed above, the trial court properly concluded Appellant's non-PCRA claims were waived based on his failure to exhaust all available

- 16 -

remedies. Therefore, the trial court was not required to hold a hearing. ***See***

***id.*** Accordingly, we find no abuse of discretion by the trial court in denying

his *habeas* petition without a hearing. ***Id.***

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/19