J-S59017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK BROWN | : | |
| | : | |
| Appellant | : | No. 802 EDA 2019 |

Appeal from the PCRA Order Entered March 5, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0306772-1990

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 20, 2020**

Appellant Mark Brown appeals *pro se* from the order denying his petition for writ of *habeas corpus*.[1] Appellant argues that the trial court abused its discretion by denying his request for clarification of his sentence. We affirm.

We previously summarized the underlying facts and procedural history of this matter as follows:

> In 1990, a jury convicted Appellant of first-degree murder, arson, and engaging in activities of corrupt organizations. In 1994, Appellant was sentenced to life imprisonment for murder, and to a consecutive prison sentence of forty-three to eighty-six months on the corrupt organizations charge. We affirmed the judgment of sentence on April 5, 1995. Appellant did not seek review by the Supreme Court of Pennsylvania. Appellant thereafter filed several PCRA petitions, none of which were successful.

_____

[1] As discussed below, the trial court initially dismissed Appellant's petition as a serial untimely Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546 petition.

Appellant did have success, however, in federal court: in 2008, Appellant filed a *pro se* petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. As a result of that petition, the District Court issued an order instructing that Appellant's conviction for violating the corrupt organizations law be vacated and Appellant be resentenced without regard to that charge.

*     *     *

In December 2010, Appellant was again sentenced, following a hearing, to life imprisonment for first-degree murder.

Appellant appealed from his 2010 resentencing. He asserted that the corrupt organizations charge adversely affected the evidence presented against him at trial on the other two charges, and, because his corrupt organizations conviction has since been vacated, he should be awarded a new trial on the remaining charges. On September 20, 2012, we affirmed the trial court's denial of a new trial, because

a claim for a new trial and challenges to the admission of evidence are not within the scope of an appeal from resentencing pursuant to a federal *habeas corpus* petition. Guilt was established for the [murder and arson] charges in 1990, more than twenty years ago, and Appellant's last PCRA petition was dismissed in 2004. . . . [O]nly issues pertaining to the resentencing procedure [can] be raised on appeal from that resentencing.

*Commonwealth v. Brown*, 3007 EDA 2016 at 9 (Pa. Super. filed June 26, 2017) (unpublished mem.) (citation omitted) (some formatting altered).

Appellant subsequently filed an untimely PCRA petition, which the PCRA court dismissed. On appeal, this Court affirmed the PCRA court's ruling, explaining that

Appellant's conviction on the corrupt organizations charge has been vacated through the federal *habeas* petition, Appellant has consequently been resentenced by the trial court, and Appellant's PCRA petition comes within one year after that judgment became

final. However, the finality of the convictions which Appellant seeks to challenge has remained undisturbed since May 5, 1995, when the period in which Appellant could have sought review by the Pennsylvania Supreme Court expired and his direct appeal concluded. Therefore, Appellant cannot now file a PCRA petition raising errors unrelated to his resentencing. To allow otherwise would thwart the jurisdictional timeliness requirements of the PCRA.

*Id.* at 9.

On July 6, 2018, Appellant filed the instant *pro se* petition for writ of *habeas corpus* seeking clarification of his sentence for first-degree murder. Specifically, Appellant argued there was "ambiguity" in the statute under which he was sentenced, as it "may or may not preclude eligibility for parole." Appellant's Pet. for Writ of *Habeas Corpus*, 7/6/18, at 4.

The Commonwealth filed a response in which it agreed with Appellant that his claim was not cognizable under the PCRA. However, the Commonwealth argued that Appellant waived his *habeas* claim by failing to raise it previously. Nonetheless, the Commonwealth asserted that Appellant's claim was meritless.

Initially, the trial court regarded Appellant's petition as an untimely PCRA petition. On January 31, 2019, the trial court issued a notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. The Rule 907 notice stated that (1) Appellant's petition was untimely, (2) Appellant's claims had no arguable merit, and (3) Appellant's claims were previously litigated. *See* Trial Ct. Rule 907 Notice, 1/31/19. Appellant filed a *pro se* response on

February 12, 2019, asserting that *habeas corpus* was the proper vehicle for his claim. On March 5, 2019, the trial court dismissed Appellant's petition.

On March 12, 2019, the trial court docketed Appellant's *pro se* notice of appeal. Appellant subsequently filed a timely court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion asserting that although Appellant raised a *habeas* claim, he waived the issue by failing to raise it at sentencing, in a post-sentence motion, or on direct appeal. ***See*** Trial Ct. Op., 4/15/19, at 6-7.

On appeal, Appellant raises one issue for our review:

> Whether the trial court erred by denying Appellant's petition for writ of *habeas corpus* relief seeking clarification as to whether the statute under which he was sentenced, 42 Pa.C.S. § 9711, possessed an eligibility to apply for parole component?

Appellant's Brief at 3 (some formatting altered).

Appellant argues that "[t]he statutes governing first degree murder appear[] to have extreme flaws which directly [a]ffect the legality, constitutionality, and applicability of the sentences imposed for such convictions." ***Id.*** at 8. Appellant acknowledges that an offender may be sentenced to life without parole for first-degree murder. ***Id.*** at 7. However, he notes that while Section 9714(a)(2) "specifies a sentencing condition of 'without parole,'" for repeat offenders, Section 9711 "only authorizes a sentence of life imprisonment, with no additional sentencing condition preventing parole eligibility." ***Id.*** Appellant does not explicitly claim that his sentence exceeds the statutory maximum. Instead, he suggests that because

- 4 -

Section 9711 does not mention parole, the legislature's intent is unclear. Therefore, Appellant argues that he is entitled to a writ of *habeas corpus* to clarify whether he is eligible for parole. ***Id.*** at 11. Finally, Appellant asserts that his issue is not waived, as "he was not informed on the record that failure to [file a post-sentence motion] would affect his right to raise issues upon appeal." ***Id.*** at 9.

Initially, we must determine whether Appellant's claim is cognizable under the PCRA. This determination presents a question of law over which our standard of review is *de novo* and our scope of review plenary. ***Commonwealth v. Montgomery***, 181 A.3d 359, 367 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018).

"It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 465-466 (Pa. Super. 2013) (citations omitted); ***see also*** 42 Pa.C.S. § 9542. Accordingly, if an issue is "cognizable under the PCRA," it "must be raised in a timely PCRA petition, and cannot be raised in a *habeas corpus* petition." ***Taylor***, 65 A.3d at 466 (citations omitted).

Section 9543 defines the eligibility requirements for the PCRA and provides that a petitioner may seek relief under the PCRA for "a conviction or sentence" that resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

* * *

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2)(i)-(ii), (vii)-(viii).

Even if a claim is not cognizable under the PCRA, it is well settled that "*[h]abeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available." **See Commonwealth v. Rouse**, 191 A.3d 1, 6 (Pa. Super. 2018) (citation omitted). A *habeas* petition is not a substitute for a direct appeal. **See Com. ex rel. Ashmon v. Banmiller**, 137 A.2d 236, 238 (Pa. 1958); **Com. ex rel. Smith v. Cavell**, 144 A.2d 505, 506 (Pa. Super. 1958). Therefore, challenges to a conviction or sentence that could have been raised at trial or in a direct appeal are waived for purposes of a habeas petition. **See Com. ex rel. Brogan v. Banmiller**, 136 A.2d 141, 142 (Pa. Super. 1957); **accord Rouse**, 191 A.3d at 7.

In **Rouse**, this Court addressed a petitioner's claim that the second-degree murder statute was "void for vagueness because it fails to give

adequate notice that a sentence of life imprisonment is, in fact, life imprisonment without the possibility of parole." ***Id.*** at 2 n.1. Initially, the trial court treated the petitioner's filing as a PCRA challenging the legality of his sentence. ***Id.*** On appeal, this Court held that the petitioner's claim was not cognizable under the PCRA. ***Id.*** The ***Rouse*** Court explained that

> because [the petitioner's] claim does not challenge the imposition of a sentence in excess of the lawful maximum, it does not fall under the purview of Section 9543(a)(2)(vii). And, to the extent that Section 9543(a)(2)(vii) encompasses all illegal-sentencing issues, [the petitioner's] claim does not implicate any category of illegal sentences previously recognized by Pennsylvania Courts. Moreover, because [the petitioner's] constitutional challenge to Section 1102(b) does not implicate his guilt or innocence for the underlying offense, his void-for-vagueness claim cannot arise under the typical provision used to address constitutional errors, Section 9543(a)(2)(i).

***Rouse***, 191 A.3d at 7.

Ultimately, the ***Rouse*** Court held that the petitioner's claim, "just like all claims (but for the three categories of illegal-sentencing claims), is subject to waiver." ***Id.*** at 6 (citation omitted). Further, because the petitioner could have raised the issue "at his sentencing hearing, or in a post-sentence motion, he failed to exhaust all available remedies before resorting to *habeas corpus*." ***Id.*** at 7.

Here, Appellant's claim is properly regarded as a petition for writ of *habeas corpus*. ***See id.*** When reviewing the denial of a claim for *habeas* relief,

> [o]ur standard of review . . . is limited to abuse of discretion. Thus, we may reverse the court's order where the court has

misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.

*Rivera v. Pennsylvania Dep't of Corr.*, 837 A.2d 525, 528 (Pa. Super. 2003) (citations omitted).

Here, the trial court addressed Appellant's claim in its Rule 1925(a) opinion as follows:

Appellant challenges his sentence of life imprisonment without the possibility of parole for his conviction of first-degree murder. Our Superior Court has recently addressed the propriety of bringing that issue under the purview of a petition for a writ of *habeas corpus* as opposed to the [PCRA] in [*Rouse*, 191 A.3d at 1]. [In *Rouse*, the C]ourt determined that such a claim does not allege that the sentence impermissibly exceeded the statutory maximum and therefore was not one which falls within the meaning of "illegal sentence" as defined in the PCRA statute. . . . As in *Rouse*, this issue could have been raised at [Appellant's] sentencing hearing, in post-sentencing motions or in the several appeals filed in this matter and [A]ppellant's failure to do so constitutes a waiver.

Trial Ct. Op. at 6-7.

Based on our review of the record, we agree with the trial court that Appellant's issue was not cognizable under the PCRA. *See Montgomery*, 181 A.3d at 367; *see also Rouse*, 191 A.3d at 7. Further as Appellant waived his *habeas* claim by failing to raise it previously, we discern no reversible error in

the trial court's decision to deny relief.[2]  ***See Rivera***, 837 A.2d at 528; ***see also Rouse***, 191 A.3d at 7.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/20/20

---

[2] To the extent Appellant argues that trial counsel failed to fully advise him of his post-sentence or appellate rights, this claim is waived due to Appellant's failure to raise in in the trial court.  ***See also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").  Nonetheless, his claim would be cognizable under the PCRA.  Because Appellant did not establish an exception to the PCRA time-bar, we would have no jurisdiction to address this issue.  ***See*** 42 Pa.C.S. § 9545(b).  Moreover, Appellant's claim would be waived based on his failure to raise the issue in his prior PCRA petitions.  ***See*** 42 Pa.C.S. § 9544(b) (stating that "an issue is waived if the petitioner could have raised it but failed to do so . . . on appeal or in a prior state postconviction proceeding").